## MUEHLENBECK v. BABYLON & N. S. R. CO.

(Supreme Court, Appellate Term.    January 30, 1899.)

RAILROAD CORPORATIONS—EXISTENCE—CERTIFICATE—ORGANIZATION TAX—LIA-
BILITIES.

A railroad corporation that has filed its certificate of incorporation is
liable for services performed at its request, though the railroad com-
missioners had issued no certificate, without which Gen. Laws, c. 39, § 59
(2 Rev. St. [Banks & Bros.' 9th Ed.] p. 1285; Laws 1890, c. 565, as
amended by Laws 1892, c. 676, and further amended by Laws 1895, c.
545), declares "no railroad corporation   *   *   *   shall exercise the pow-
ers conferred by law upon such corporations," and no organization tax
had been paid, without the payment of which chapter 24, § 180 (5 Rev.
St. [Banks & Bros.' 9th Ed.] p. 3280; Laws 1896, c. 908), declares no cor-
poration shall "exercise any corporate franchises or powers, or carry on
business," as said chapter 39, § 2 (2 Rev. St. [Banks & Bros.' 9th Ed.]
p. 1249), declares that the subscribers of the certificate of incorporation
"become a corporation" on the filing of the certificate.

Appeal from municipal court, borough of Manhattan, First dis-
trict.

Action by Carl Muehlenbeck against the Babylon & North Shore
Railroad Company.    Judgment for plaintiff, and defendant appeals.
Affirmed.

Action to recover on a quantum meruit the sum of $250, a balance
claimed to be due for work, labor, and services performed by the
plaintiff in making the preliminary surveys of the defendant's pro-
posed line of railroad from Babylon to Northport, and along Eaton's
Neck, Long Island, and preparing the map and profile of the same.
The pleadings were oral, and the answer a general denial.    The opin-
ion states the material facts.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-
GERICH, JJ.

Charles L. Easton, for appellant.
J. M. Ferguson, for respondent.

GIEGERICH, J.    The evidence adduced for the plaintiff was am-
ply sufficient to support his recovery for the services in suit, as upon
a substantial compliance with the agreement entered into between
the parties, and it appears to be undisputed that the amount awarded
as damages was not excessive.

The main contention is that the defendant is not a corporation,
and so may not be sued as such; the facts being that, while a cer-
tificate of incorporation, under the railroad law, was executed, filed,
and published by the incorporators, no certificate had been issued
by the railroad commissioners such as was required by section 59
of the said law (chapter 39, Gen. Laws; 2 Rev. St. [Banks & Bros.'
9th Ed.] p. 1285; Laws 1890, c. 565, as amended by chapter 676,
Laws 1892, and further amended by chapter 545, Laws 1895), and
without which the statute declared that "no railroad corporation
*   *   *   shall exercise the powers conferred by law upon such cor-
porations."    Further, it appeared that the organization tax had not
been paid, and the tax law (chapter 24, Gen. Laws; 5 Rev. St.

[Banks & Bros.' 9th Ed.] p. 3280; Laws 1896, c. 908) provided, as to this (section 180), that "no corporation shall have or exercise any corporate franchise or powers, or carry on business in this state until such tax shall have been paid." The life of a corporation dates from its organization, and not from the time it begins to do business (Thomp. Corp. § 217); and, under Railroad Law, supra (section 2), the subscribers of the certificate "become a corporation" by executing, acknowledging, and filing the paper, such certificate being presumptive evidence of incorporation (Gen. Corp. Law, § 9; Gen. Laws, c. 35; 2 Rev. St. [Banks & Bros.' 9th Ed.] p. 970). From the wording of the restrictions above quoted, as to the certificate of the railroad commissioners and the payment of the tax, it is apparent that the organization of the corporation precedes the restriction, and that the corporate existence is recognized, the benefits of incorporation to be deferred until the condition is complied with. See Thomp. Corp. §§ 226, 241.

We have not to determine whether the defendant's existence as a corporation could be successfully assailed in a direct proceeding on the part of the state, the rule being that, where an action is brought against an alleged corporation by a party contracting with it, the corporate existence is to be upheld if, colorably, there has been an organization under the statute; it being held that the corporation exists de facto, for the purpose of the case, and that both parties are estopped from asserting the contrary. Railroad Co. v. Cary, 26 N. Y. 75, 77; Vinegar Co. v. Schlegel, 143 N. Y. 537, 543, 38 N. E. 729; Thomp. Corp. §§ 218, 3683, et seq. In the present case the dealings of the parties were carried on throughout with acquiescence in the fact that the defendant was a corporation, and any defense that the defendant had no power to make the contract, because not authorized to do business, cannot be entertained. It would seem, certainly, that this very agreement—one for the making of a preliminary survey and maps—was within the defendant's powers, and expressly reserved from the restriction above noted (Railroad Law, § 59); but, assuming the contrary, the agreement being executed and the purported corporation having had the benefit of it, the plea of ultra vires could not be interposed, for the transaction was opposed to no principle of public policy, and the defendant was estopped fom availing itself of this defense (Arms Co. v. Barlow, 63 N. Y. 70; Peck v. Doran-Wright Co. [Sup.] 10 N. Y. Supp. 401; Thomp. Corp. §§ 6015, 6016).

The judgment should therefore be affirmed, with costs. All concur.