John P. Donohoe, J.
This motion for an order changing the venue of the action from the County of Westchester to the County of New York, pursuant to CPLR 503 (subd. [a]), 510 and 511 on the ground that plaintiff’s residence and principal office are in the County of New York is granted. The motion for an order modifying plaintiff’s demand for a verified bill of particulars pursuant to CPLR 3042 on the ground that certain of the items demanded are improper is granted, to the extent that the demand is modified by striking therefrom items numbered 2, 4, 10 and all of item 8 except the portion which demands the date of discovery.
In this action between two foreign corporations for breach of contract, the plaintiff laid the venue in Westchester County, stating, on the face of the summons, that “ plaintiff resides at 50 Prospect Avenue, Tarry town, New York, County of Westchester.”
The plaintiff is a Delaware Corporation. In November, 1959, it filed a “ Statement and Designation ” with the ¡Secretary of State in which it declared:
“ The office of the corporation within the State of New York is or is to be located in the Borough of Manhattan, City and County of New York.
“ The address within the State of New York to which the Secretary of State shall mail a copy of process in any action or proceedings against the corporation which may be served upon him is 92 Gold Street; New York 38, New York.”
The certificate is silent as to the location or address of any offices or business locations other than that designated in the certificate.
On this motion, the plaintiff has set out in detail that all of its business activities are conducted in Westchester County, including its board of directors meetings and annual meetings. Its executive offices are in Westchester County and its corporate records are kept there. The plaintiff has no connection with New York County other than a three-room office for the occasional convenience of its officers.
Nevertheless, the plaintiff has never, as far as the papers show, corrected the record by filing an amendment of its certificate showing the removal of its office from New York County to Westchester County, although it has apparently conducted most of *453 its business activities in Westchester County for a considerable time.
In the circumstances, the venue will be changed to New York County. Section 102 (subd. [a], par. [10]) of the Business Corporation Law makes it quite clear that the office of a corporation means the location stated in its certificate and that such office need not be a place where business activities are conducted. CPLR 503 (subd. [c]), which controls venue in actions involving corporations, places such venue where the principal office is located. (Lande v. Deborah Hosp., N. Y. L. J., April 20, 1964, p. 17, col. 1; Shultz v. O’Connell, N. Y. L. J., Oct. 8, 1963, p. 14, col. 3; Albertson v. Word of Life Fellowship, N. Y. L. J., Nov. 28,1962, p. 16, col. 5.)
Yonkers Raceway v.-National Union Fire Ins’. Co. of Pittsburgh (9 Misc 2d 412) is distinguished. In that situation, the plaintiff corporation had designated Westchester County as its place of business, and New York County as the location of its principal office. The court pointed out (p. 414) that the corporation was “ in a real and practical sense a resident of the county in which by law.it is required to and does exercise its franchises ”. (Emphasis added.) The court then pointed out that its determination was merely to the effect that a corporation required by law to designate in its certificate of incorporation the place wherein it shall carry on its business is also deemed to have a residence in the county so designated.
With respect to defendant’s motion for an order modifying plaintiff’s demand for a bill of particulars, the items stricken do not seek amplification of the defendant’s pleading. Defendant argues that the answer is unclear or incomplete in some aspects. Its remedy, if that be the case, is to correct under CPLR 3024 (subd. [a]) rather than to demand a bill of particulars of items not even alleged. Item 8 contains a proper demand for the date of discovery of alleged misrepresentations, since the Statute of Limitations is affirmatively pleaded as a defense.