Joseph Liff, J.
A Pennsylvania corporation, a defendant herein, moves to dismiss the summons and complaint for the reason that this court does not have jurisdiction as to it. It urges that it has never done business or been authorized to do business in the State. An agreement made between the plaintiff and the moving defendant and the affidavits submitted raise the question whether the moving defendant could possibly have performed *987 its obligations under the agreement without being present here, and also strongly suggest that the defendant is subject to the jurisdiction of this court by virtue of the provisions of CPLIt 302 (subd. [a]). However, the court will rest its decision that the defendant is subject to our jurisdiction on other reasons.
Item XVIII of the agreement heretofore referred to, contains the following language: ‘ ‘ The First Party represents that it has filed a certificate of doing business in the State of N. Y. with the Secretary of State. ” In a carefully prepared affidavit and memorandum of law the plaintiff argues that it relied upon this representation in entering into the agreement and that its purpose was to avoid the hardship and expense of “ out-of-state litigation ” and that by virtue thereof the defendant has in fact submitted itself to the jurisdiction of this -State and should be estopped from denying it. The court has reached that same conclusion. Defendant represented to the plaintiff and the plaintiff entered into the agreement believing that it was dealing with a corporation authorized to do business in this State. Equity will not permit a party to take advantage of its own wrongs. (21 N. Y. Jur., Estoppel, § 21.) It has been held that a group which holds itself out as a corporation is estopped from denying its corporate existence. (11 N. Y. Jur., Corporations, § 62.)
A foreign corporation, which represented in its certificate filed with the Secretary of State, that its office was located in one county will be estopped to deny that “ fact ” should it move for a change of venue to a different county for the reason that its principal office was actually located in the second county. (General Precision v. Ametek, Inc., 45 Misc 2d 451; see, also, Hoffman v. Oxford Developments, 9 A D 2d 937.)
The defendant in effect represented that it had complied with the provisions of the then article 13 of the General Corporation Law (now art. 13 of the Business Corporation Law) which regulates the conduct of business in this State by foreign corporations. It had been the express policy of this State to interdict the maintenance here of an action upon a contract made here unless before the making of such contract it had obtained a certificate of authority. (General Corporation Law, § 218.) This provision has been somewhat liberalized in that now the corporation may not maintain the action until it obtains authority to do business in this State. (Business Corporation Law, § 1312.)
Since 1937 it has been a misdemeanor for a corporation with intent to deceive or mislead, to adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, *988 or for the purposes of trade, or for any other purpose, any address or designation of location in the community which may deceive or mislead the public as to the true address or location of such corporation and an injunction against the actual or threatened violation of the provision could be obtained. (Penal Law, § 964.)
Thus, it would be hostile to our State policy as expressed in statutes such as these to permit the defendant to deny now that it was present in this State. To employ the phrasing of another court, “ the dealings of the parties were carried on throughout with acquiescence in the fact” that the defendant was a corporation authorized to do business here and to permit the defendant now to assert the contrary is a proposition that “ cannot be entertained.” (Cf. Muehlenbeck v. Babylon, North Shore R. R. Co., 26 Misc. 136, 138.) The motion is denied.