■ UNITED CREDIT CORPORATION, as Assignee of DIKAL CORP., et al., Respondents, v LE ROY ADVENTURES, INC., Doing Business as TAVERN ON THE GREEN, et al., Appellants.—Order, Supreme Court, New York County, entered on June 9, 1977, denying defendants' motion for change of venue, unanimously reversed, on the law, without costs and without disbursements, and the motion granted. Plaintiff, bringing on an action to recover the cost of goods sold and delivered, is an assignee of the manufacturer who sold the goods. Plaintiff designated Nassau County for purposes of venue. In bringing on the motion, defendant claims that the manufacturer assignor's principal office is located in Kings County and cites CPLR 503 (subd [c]) in support of this contention. Further, CPLR 503 (subd [e]) states that an assignee in an action for a sum of money only is deemed to have the same residence as the assignor at the time of assignment. All references to the presence of officers or offices in other counties are immaterial, and even though "no activities are carried on in the designated county, that county remains the residence of the corporation for venue purposes" (Practice Commentaries, McKinney's

Cons Laws of NY, Book 7B, CPLR 503, C503:3; citing *General Precision v Ametek,* 45 Misc 2d 451, affd 24 AD2d 757). The statute is clear that venue is placed where one of the parties resided when the action was begun. In this case, the residence of the manufacturer being Kings County, the assignee is deemed to be a resident of the same county. Defendant is a resident of New York County and since there has been no move to change venue to Kings County, the only other county in which venue may be placed is New York County. CPLR 510 does permit a change of venue for the convenience of witnesses and promotion of the ends of justice; however, here the plaintiffs make such claim but fail to substantiate their position with the introduction of properly informative affidavits (see Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 510, C510:3). Moreover, they failed to make the requisite cross motion for retention of venue in Nassau County on that ground (CPLR 510, subd 3; see 2 Weinstein-Korn-Miller, NY Civ Prac, pars 510.05, 510.12). Concur—Birns, J. P., Evans, Lane and Markewich, JJ.