■ LYCOURGOS E. PAPADAKIS et al., Respondents, v COMMAND BUS Co., et al., Appellants. — In a negligence action to recover damages for personal injuries,

etc., defendants appeal from an order of the Supreme Court, Kings County (Greenstein, J.), dated August 27, 1981, which, in effect, denied their motion to change the venue of the action from the Supreme Court, Kings County, to the Supreme Court, Queens County. Order reversed, with $50 costs and disbursements, motion granted and venue of the action changed to the Supreme Court, Queens County. The plaintiffs are residents of New York County. The corporate defendant apparently has an office in Kings County, however its certificate of incorporation lists Queens County as the place in which its principal office is to be located. The law is well established that the sole legal residence of a corporation for venue purposes is the county designated in its certificate of incorporation (2 Weinstein-Korn-Miller, NY Civ Prac, par 503.05). Plaintiffs forfeited their right to select the place of venue by selecting an improper venue in the first instance (Siegel, New York Practice, § 123; 2 Weinstein-Korn-Miller, NY Civ Prac, par 511.04). Accordingly, the defendants' motion to change venue to Queens County should have been granted. Plaintiffs' allegations regarding the residence of the individual defendant are not part of the record on appeal and have not been considered. Titone, J. P., Gibbons, Thompson and Niehoff, JJ., concur.