■ LINDA SAAL, Individually and as Administratrix of the Estate of MICHAEL SAAL, Deceased, Respondent, v CLARIDGE

HOTEL AND CASINO et al., Defendants, and CESSNA AIRCRAFT CORPORATION, Appellant.—In a negligence action to recover damages, *inter alia,* for conscious pain and suffering and wrongful death, the defendant Cessna Aircraft Corporation appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated September 20, 1988, which denied its motion to change venue from Queens County to Suffolk County and granted the plaintiff's cross motion to retain venue in Queens County.

Ordered that the order is reversed, with costs, the motion is granted, the cross motion is denied, and the Clerk of the Supreme Court, Queens County, shall deliver to the Clerk of the Supreme Court, Suffolk County, all papers filed in the action and certified copies of all minutes and entries.

The plaintiff was and still is a resident of Suffolk County and her decedent was a resident of Suffolk County. The accident which underlies this lawsuit occurred in Atlantic City, New Jersey, and none of the named defendants are residents of Queens County. The basis for the plaintiff's selection of Queens County as the place of trial was an office allegedly maintained by the defendant Claridge Hotel and Casino at the Marine Air Terminal, La Guardia Airport, Queens, New York. However, that corporation's certificate of incorporation designated New York County as its principal place of business. The law is well established that the sole legal residence of a corporation for venue purposes is the county designated in its certificate of incorporation. Thus, the plaintiff selected an improper venue and thereby forfeited her rights to select the place of venue *(Papadakis v Command Bus Co.,* 91 AD2d 657). Further, the plaintiff has failed to demonstrate that the convenience of witnesses and the interests of justice will be furthered by retaining venue in Queens County. Accordingly, venue should be changed to Suffolk County, which is a proper county for venue purposes and is the place which was selected for trial by the appellant. Mangano, J. P., Brown, Lawrence, Kooper and Harwood, JJ., concur.