■ DAVID DEROSA, Appellant, v U.S. DREDGING CORPORATION., Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated July 14, 1989, as granted the branch of the defendant's motion pursuant to CPLR 511 which was to change the place of the trial on the ground of improper venue from Kings County to Nassau County.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the instant case, it is uncontroverted that Nassau County is designated in the corporate defendant's certificate of incorporation, as amended, as the defendant's residence. The plaintiff, although purportedly basing his selection of the venue of this action on the defendant's residence, improperly designated Kings County. It is well established that the sole legal residence of a domestic corporation for venue purposes is the county designated in the certificate of incorporation *(see, Saal v Claridge Hotel & Casino,* 152 AD2d 631; *Papadakis v Command Bus Co.,* 91 AD2d 657). Having selected an improper venue in the first instance, the plaintiff forfeited his right to select the place of venue *(see, Saal v Claridge Hotel & Casino, supra; Papadakis v Command Bus Co., supra).* The plaintiff's argument that the Supreme Court improperly changed the venue of this action to Nassau County is therefore without merit. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.