■ In the Matter of SALLY DYCKMAN et al., Respondents. MEYSAR REALTY CORP., Appellant.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered October 2, 1989, which, inter alia, denied respondent's motion to change venue to Nassau County and granted petitioners' cross motion to retain venue in New York County, affirmed, with costs.

In this proceeding, instituted pursuant to Business Corporation Law § 1104-a, petitioners Sally Dyckman and Ruth Goldberg, majority shareholders of respondent, Meysar Realty Corporation (the corporation), seek judicial dissolution of the corporation on the ground that its directors and officers are guilty of fraudulent self-dealing and diversion of corporate assets. The proceeding was brought on April 18, 1989, in New York County, where the corporation maintained offices, had its principal real estate holdings, and conducted most of its business. The corporation's New York County address was reflected in its bank statements, tax returns, executed leases, and telephone listing.

Twelve days prior to the commencement of the dissolution proceeding, respondent amended its certificate of incorporation to indicate a relocation of its corporate offices to the address of its accountants in Nassau County. On the basis of this purported change of address, respondent moved for change of venue to Nassau County, and now appeals the IAS Part's denial of such relief.

Upon examination of this record, we agree with the IAS Part that the shift of respondent's corporate offices was a "sham * * * to secure some undisclosed advantage to [the corporation's] directors". Particularly revealing is the fact that, four months after the amendment of the certificate of

incorporation, the corporation's accountants—whose Nassau County address was that to which the corporation had allegedly moved—billed the corporation at its preamendment address. Similarly, counsel for the corporation sent it a letter on May 16, 1989 and a bill on December 1, 1989 at its New York County address.

The record further establishes that Nassau County has little connection to the corporation's affairs or the alleged misconduct, and that the convenience of material witnesses and the ends of justice would best be served by trial in New York County. (*See,* CPLR 510 [3].)

For all of these reasons, the IAS Part's determination to retain venue in New York County was a sound exercise of its discretion. (*McGuire v General Elec. Co.,* 117 AD2d 523.) Concur—Ross, J. P., Rosenberger, Kassal and Wallach, JJ.

Asch, J., dissents in a memorandum as follows: CPLR 503 (c) provides in pertinent part that "[a] domestic corporation, or a foreign corporation authorized to transact business in the state, shall be deemed a resident of the county in which its principal office is located". However, this proceeding was brought for judicial dissolution of the corporation. Pursuant to Business Corporation Law § 1112: "An action or special proceeding under this article *shall* be brought in the supreme court in the judicial district in which the office of the corporation is located at the time of the service on the corporation of a summons in such action or of the presentation to the court of the petition in such special proceeding." (Emphasis supplied.)

Since "the office of the corporation" was located in Nassau County at the time petitioners Dyckman and Goldberg commenced this dissolution proceeding, venue was properly placed in Nassau County and the IAS court erred in denying respondent's motion to transfer the venue.

While the nisi prius court characterized the change of respondent's office in the certificate of incorporation as a "sham", such a conclusion does not appear justifiable on the record before us, where the corporation's attorneys and accountants are located in Nassau County and will require access to corporate documents and financial records.

Accordingly, I would reverse the order appealed from solely to the extent of granting respondent's motion for a change of venue to Nassau County.