■ YOLANDA NIXON, Respondent, v FEDERATED DEPARTMENT STORES, INC., Doing Business as ABRAHAM & STRAUSS, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated December 21, 1988, which granted the defendant's motion to change venue from Kings County to Queens County to the extent of, sua sponte, changing the venue of the action to New York County.

Ordered that the order is reversed, with costs, the defendant's motion is granted, and the action is transferred to Queens County.

After slipping and falling in the Abraham and Strauss department store in Brooklyn, the plaintiff, a Queens resident, sued to recover damages for personal injuries, placing the venue of her action in Kings County, said to be the residence of the defendant. However, according to the documents filed with the Secretary of State, the corporate defendant's principal place of business is in New York County. The defendant properly included with its answer a demand for a change of venue to Queens County pursuant to CPLR 511, and it moved within 15 days thereafter for the same relief, in compliance with CPLR 511 (b). Although the plaintiff opposed the motion, she did not cross-move to retain venue in Kings County.

The venue of an action should be placed "in the county in which one of the parties resided when it was commenced" (CPLR 503 [a]). A corporation is a resident of the county in which its principal office is located, despite its maintenance of an office or facility in another county (CPLR 503 [c]; *Papadakis v Command Bus Co.,* 91 AD2d 657). The defendant at bar is therefore a resident of New York County, and the plaintiff's commencement of her action in Kings County was improper.

A plaintiff who selects an improper venue in the first instance forfeits the right to choose the place of venue (Siegel, NY Prac § 123; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 511.04; *Papadakis v Command Bus Co., supra,* at 658). Thereafter, where the defendant, as in the case at bar, properly serves with its answer a demand for change of venue pursuant to CPLR 511 (b), and follows it up within 15 days with a motion to change venue to a proper county pursuant to CPLR 503 (a), 510 and 511, the motion should be granted— particularly where, as here, the plaintiff failed to serve an affidavit showing that the county specified by the defendant was improper or that the county specified by the plaintiff was proper. Nor did she cross-move to retain venue in Kings County. The court abused its discretion in changing venue sua sponte to New York County—a venue requested by no one— since CPLR 510 (1) authorizes a court to change venue *only* "upon motion", and not on its own initiative *(see, Kelson v Nedicks Stores,* 104 AD2d 315, 316). Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.