■ SANDOR CENZIPER, Respondent, v BERNARD GROSS, Appellant, et al., Defendant.—In an action, *inter alia,* to recover damages for breach of contract, the defendant Bernard Gross appeals from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated December 19, 1989, as, upon renewal, adhered to its determination contained in a prior order dated November 29, 1989, denying his motion to

change the venue of the action from Kings County to Nassau County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in the action and certified copies of all minutes and entries *(see,* CPLR 511 [d]).

We agree with the defendant's contention that the court erroneously denied his motion to change the venue of the instant action from Kings County to Nassau County. Pursuant to CPLR 503 (a) the venue of an action is proper in the county in which any of the parties resided at the time of commencement *(see, e.g., Naples v Daubert Chem. Co.,* 93 AD2d 745). The plaintiff is a resident of Philadelphia, Pennsylvania, and thus the proper venue rests in either of the counties in which the respective defendants reside. The defendant Grace Luggage Co., Inc., resides in New York County, the county designated as its principal location in its certificate of incorporation. It is well settled that the sole residence of a domestic corporation for venue purposes is the county designated in its certificate of incorporation *(Saal v Claridge Hotel & Casino,* 152 AD2d 631; *Papadakis v Command Bus Co.,* 91 AD2d 657; *Bailey v New York Racing Assn.,* 90 AD2d 710; *United Credit Corp. v Le Roy Adventures,* 61 AD2d 742). Thus, New York County, rather than Kings County, would have been an appropriate venue for the plaintiff to commence this action against this defendant. The defendant Gross resides in Nassau County. Thus, it is clear that the plaintiff's choice of venue was improper and he has accordingly forfeited his right to select the venue of this action *(Saal v Claridge Hotel & Casino, supra; Papadakis v Command Bus Co., supra).* Accordingly, the motion of the defendant Gross to change the venue of this action to Nassau County, a proper venue, is granted. Mangano, P. J., Bracken, Lawrence and Miller, JJ., concur.