■ LINDA SEARLE and Another, as Coadministratrices of the Estate of PAUL SEARLE, Deceased, et al., Respondents, v

SUBURBAN PROPANE DIVISION OF QUANTUM CHEMICAL CORPORATION, Appellant. [645 NYS2d 205] —Order unanimously reversed on the law without costs, motion granted and cross motion denied. Memorandum: Supreme Court should have granted defendant's motion for a change of venue to Cortland County upon the ground that the venue designated by Linda Searle (plaintiff) was improper and should have denied plaintiffs' cross motion to retain venue in Onondaga County. Plaintiff commenced this action seeking damages for the fatal injuries and death of her husband resulting from the explosion of a propane gas tank at their residence in Cortland County. Plaintiff designated Onondaga County as the place of trial based upon defendant's transaction of business in Onondaga County. That designation was improper. As a foreign corporation, defendant resides in the county where its principal office, as designated in its authority to do business, is located (see, CPLR 503 [c]; Collins v Trigen Energy Corp., 210 AD2d 283). Defendant denied that it has an office in Onondaga County, and plaintiff has not shown otherwise.

After commencement of the action, plaintiff successfully amended her Letters of Administration to include Inez Searle, her mother-in-law, as the coadministratrix of her husband's estate. Plaintiff then amended the summons and complaint by adding Inez Searle as a plaintiff and designating venue in Onondaga County based upon Inez Searle's residence in that county. That designation of venue should have been disregarded. Venue is determined when the action is commenced (CPLR 503 [a]), and Inez Searle was not a party when the action was commenced.

Plaintiff failed to demonstrate that the convenience of witnesses and ends of justice would be served by retaining venue in Onondaga County. The fact that two treating physicians practiced in Onondaga County does not outweigh the fact that the principal fire investigator and other material nonparty witnesses on liability issues reside in Cortland County (see, Carroll v American Honda Motor Co., 196 AD2d 757; Risoli v Long Is. Light. Co., 138 AD2d 316, 318). Further, the action should be tried where the accident occurred and in the more rural county having a less congested trial calendar (see, Rodriguez v St. Paul's Catholic Church, 162 AD2d 1017, 1018; Ray v Beauter, 90 AD2d 988; Gerber v B.C.R. Hotel Corp., 10 AD2d 956). By designating an improper county for venue, plaintiff forfeited her right to designate the place of trial (see, Scott v Otis El. Co., 160 AD2d 519), and the court should have granted defendant's motion to designate Cortland County as the place

of trial. (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Venue.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.