■ ALLAN BURSTEIN, Respondent, v ANGELO FAZZARI, Appellant. [657 NYS2d 428] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Belen, J.), dated September 13, 1996, which denied his motion to change the venue of the action from Kings County to Suffolk County.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Suffolk County, all of the papers filed in the action and certified copies of all minutes and entries *(see,* CPLR 511 [d]).

The venue of an action should be placed "in the county in which one of the parties resided when it was commenced" (CPLR 503 [a]; *Nixon v Federated Dept. Stores,* 170 AD2d 659). Inasmuch as it is undisputed that the plaintiff was a resident of Nassau County and the defendant was a resident of Suffolk County at the time of the commencement of the action, the plaintiff's placement of the action in Kings County was improper.

A plaintiff who selects an improper venue in the first instance forfeits the right to choose the place of venue *(see, Nixon v Federated Dept. Stores, supra; Papadakis v Command Bus Co.,* 91 AD2d 657). Thereafter, where the defendant, as in the case at bar, properly serves with his answer a demand for change of venue pursuant to CPLR 511 (b), and follows it up within 15 days with a motion to change venue to a proper county pursuant to CPLR 503 (a), 510, and 511, the motion should be granted—particularly, where, as here, the plaintiff failed to serve an affidavit showing that the county specified by the defendant was improper or that the county specified by the plaintiff was proper. The court thus erred in denying the

defendant's motion. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.