■ ANTHONY COTTONE et al., Respondents, v REAL ESTATE INDUSTRIALS, INC., Defendant, and KENT DEVELOPMENT, INC., Appellant. [668 NYS2d 38] —In an action to recover damages for personal injuries, etc., the defendant Kent Development, Inc. appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated October 23, 1996, which granted its motion to change venue from Kings County to Westchester County only "to the extent that the action is transferred to New York County".

Ordered that the order is modified by deleting the provision thereof granting the motion only to the extent that the action is transferred to New York County and substituting therefor a provision granting the motion in its entirety; as so modified, the order is affirmed, with costs to the appellant, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Westchester County, all papers filed in this action and certified copies of all minutes and entries (see, CPLR 511 [d]).

We agree with the appellant's contention that the court erroneously granted its motion to change venue from Kings County to Westchester County only "to the extent that the action is transferred to New York County". The plaintiffs selected Kings

County as the venue of this action based upon the appellant's place of business. The sole residence of a domestic corporation for venue purposes is the county designated in its certificate of incorporation (*see, Cenziper v Gross,* 175 AD2d 226, 227; *Papadakis v Command Bus Co.,* 91 AD2d 657), which, in the case of the appellant, is Westchester County. Since it is not claimed that either the plaintiffs or the co-defendant, Real Estate Industrials, Inc., resided in Kings County at the time of the commencement of the action, Westchester County, rather than Kings County, would have been an appropriate venue for the plaintiffs to commence this action against the defendants. Thus, it is clear that the plaintiffs' choice of venue was improper and they have accordingly forfeited their right to select the venue of this action (*see, Papadakis v Command Bus Co., supra).* The appellant's motion to change the venue of this action to Westchester County, a proper venue, therefore should have been granted. Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.