■ CINTAS CORPORATION, Respondent, v RALPH PONTIAC-HONDA, Appellant. [684 NYS2d 808] —Order unanimously reversed on the law with costs and motion granted. Memorandum: Supreme Court erred in denying defendant's motion for a change of venue. Plaintiff, a foreign corporation licensed to

transact business in New York, commenced this action seeking damages for breach of contract. Plaintiff designated Erie County as the place of trial based upon its maintenance of an office in that county. That designation was improper.

As a foreign corporation, plaintiff resides in the county where its principal office, as designated in its authority to do business, is located (*see,* CPLR 503 [c]; *Searle v Suburban Propane Div.,* 229 AD2d 988, 989; *Collins v Trigen Energy Corp.,* 210 AD2d 283). In its application for authority to transact business in New York, plaintiff indicated that its principal office would be located in Orange County. "A corporation is a resident of the county in which its principal office is located, despite its maintenance of an office or facility in another county" (*Nixon v Federated Dept. Stores,* 170 AD2d 659; *see, Papadakis v Command Bus Co.,* 91 AD2d 657, 658). By designating an improper county for venue, plaintiff forfeited its right to designate the place of trial (*see, Searle v Suburban Propane Div., supra,* at 989-990; *Scott v Otis El. Co.,* 160 AD2d 519).

In opposing the motion for a change of venue, plaintiff submitted an affidavit asserting that venue should be retained in Erie County for the convenience of witnesses. The court concluded that the convenience of a principal witness and the interest of justice warranted retaining venue in Erie County. In the absence of a cross motion by plaintiff, however, the court should not have considered the request of plaintiff in its opposing affidavit (*see, Pitegoff v Lucia,* 97 AD2d 896, 896-897). In any event, even if plaintiff had properly cross-moved for a discretionary retention of venue in Erie County based upon the convenience of material witnesses and promoting the ends of justice (*see,* CPLR 510 [3]), plaintiff failed to make the required detailed evidentiary showing. Plaintiff failed to set forth the testimony it expected the proposed witness to provide and how the witness would be inconvenienced in the event a change of venue was granted, and failed to state that the witness was in fact willing to testify (*see, Roth v Meyer,* 248 AD2d 1001; *Pillittere v Ted & Ann Tours,* 244 AD2d 1006; *O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169, 172-173). Thus, it was an improvident exercise of discretion for the court to grant plaintiff relief (*see, Roth v Meyer, supra*). (Appeal from Order of Supreme Court, Erie County, Pigott, Jr., J.—Venue.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.