■ Panco Development Corp., Respondent, v Avner Platek, Also Known as A. Platek, Appellant. [691 NYS2d 545] —In an action to recover on a guarantee, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated July 22, 1998, which denied his motion to change venue from Suffolk County to New York County.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the Clerk of the Supreme Court, Suffolk County, is directed to deliver to the Clerk of the Supreme Court, New York County, all papers filed in the action and certified copies of all minutes and entries (*see,* CPLR 511 [d]).

We agree with the defendant's contention that the Supreme Court erroneously denied his motion to change venue of the action from Suffolk County to New York County. Pursuant to CPLR 503 (a) the venue of an action is properly placed in the county in which any of the parties resided at the time of com-

mencement. The plaintiff's stated basis for venue in Suffolk County was its purported address. However, it is well settled that the sole residence of a domestic corporation for venue purposes is the county designated in its certificate of incorporation (*see, Cottone v Real Estate Indus.,* 246 AD2d 572; *Cenziper v Gross,* 175 AD2d 226; *Papadakis v Command Bus Co.,* 91 AD2d 657). The defendant produced the plaintiff's certificate of incorporation, which showed New York County as its residence. Since the plaintiff has not alleged or proven that the defendant was a resident of Suffolk County at the time the action was commenced, the plaintiff's choice of venue was thus improper, and it has accordingly forfeited its right to select the venue of the action. Therefore, the defendant's motion to change venue should have been granted (*see, Cenziper v Gross, supra; Papadakis v Command Bus Co., supra*). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.