■ Nicholas Collins et al., Appellants, v Dart Transit Company et al., Respondents. [696 NYS2d 487] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feuerstein, J.), entered September 17, 1998, which granted the defendants' motion pursuant to CPLR 503 (a) to transfer venue of the action from Bronx County to Nassau County.

Ordered that the order is affirmed, with costs.

It is undisputed that none of the parties resided in Bronx County at the time of the commencement of the action. Therefore, the plaintiffs' choice of venue was improper, and accordingly, they forfeited their right to select the venue of the

action (*see, Cottone v Real Estate Indus.,* 246 AD2d 572; *Papadakis v Command Bus Co.,* 91 AD2d 657). The defendants' motion to change the venue to Nassau County, in which both plaintiffs resided at the time of the commencement of the action, was properly granted (*see, Cottone v Real Estate Indus., supra*).

Contrary to the plaintiffs' contention, there is no evidence in the record that the parties agreed to fix Bronx County as the place of trial pursuant to CPLR 501.

The plaintiffs' remaining contentions are without merit. Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.