■ FLORENCE MILLER, Respondent, v NAOMI WEINER et al., Appellants. [702 NYS2d 563] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Mastro, J.), dated September 24, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly found that there are issues of fact requiring the denial of summary judgment. Mangano, P. J., Bracken, Joy and H. Miller, JJ., concur.

■ MICHAEL MISZKO, JR., Appellant, v LEEDS & MORELLI et al., Respondents. [702 NYS2d 867] —In an action to recover damages for breach of contract, conversion, and legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated December 18, 1998, which granted the defendants' motion pursuant to CPLR 510 (3) and CPLR 511 to transfer the venue of this action from Ulster County to Nassau County.

Ordered that the order is reversed, as a matter of discretion, with costs, and the motion is denied, and it is further,

Ordered that the Clerk of the Supreme Court, Nassau County, is directed to transfer the file of the action to the Clerk of the Supreme Court, Ulster County.

In support of their motion to transfer venue, the defendants failed to disclose the addresses of the prospective witnesses, disclose the facts to which they were expected to testify at trial, or establish that they would be inconvenienced in the event that a change of venue were not granted (see, Cumberbatch v Gatehouse Motel & Rest., 265 AD2d 370; O'Brien v Vassar Bros. Hosp., 207 AD2d 169). In addition, the defendants have not offered a valid reason for their failure to submit sworn statements from their proposed witnesses (see, Schneider v Montalbano, 223 AD2d 586).

Therefore, the Supreme Court improvidently exercised its discretion in granting the defendants' motion to transfer venue to Nassau County. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.