■ LOMBARDI ASSOCIATES, LTD., Respondent, v CHAMPION AMBULETTE SERVICE, INC., Appellant. [704 NYS2d 370] —Carpinello, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered September 16, 1999 in Saratoga County, which denied defendant's motion to change venue to Queens County.

Plaintiff, a New York corporation licensed to do business as an insurance broker, commenced this action in Saratoga County to recover insurance premiums allegedly owed by defendant. Defendant promptly demanded that venue be changed to Queens County, where its principal office is located. Plaintiff responded with an affidavit alleging that its principal place of business is in Saratoga County, that being the address

indicated on their insurance license. After an inquiry to the Secretary of State revealed that plaintiff's certificate of incorporation designated Albany County as the location of plaintiff's office, defendant moved to change venue to Queens County. Supreme Court denied the motion and defendant appeals.

Venue is properly set in a county in which a party resides (*see*, CPLR 503 [a]) and, pursuant to CPLR 503 (c), a corporation is deemed a resident of the county in which its principal office is located. The other Appellate Divisions have held that, for the purposes of CPLR 503 (c), the location of a corporation's principal office is determined solely by the designation in its certificate of incorporation (*see*, *Panco Dev. Corp. v Platek*, 262 AD2d 292; *Cintas Corp. v Ralph Pontiac-Honda*, 256 AD2d 1094; *Conway v Gateway Assocs.*, 166 AD2d 388). We see no reason not to follow that rule.

Although there are exceptions to the rule (*see*, *Matter of Dyckman [Meysar Realty Corp.]*, 169 AD2d 391; *Weiss v Saks Fifth Ave.*, 157 AD2d 475; *see also*, *Yonkers Raceway v National Union Fire Ins. Co.*, 6 NY2d 756), none are applicable here. We disagree with plaintiff's claim that its Saratoga County address, as recited in its insurance broker's license, is the legal equivalent of a designated principal office (*compare*, *Weiss v Saks Fifth Ave.*, *supra*).

Having selected an improper county for venue in the first instance, plaintiff forfeited its right to designate the place of trial (*see*, *Cintas Corp. v Ralph Pontiac-Honda*, *supra*; *Cottone v Real Estate Indus.*, 246 AD2d 572). Inasmuch as defendant sought to change venue to a proper county, its motion should have been granted.

Mercure, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.