◼ HENDY BAILON et al., Respondents, v AVIS RENT A CAR, INC., Appellant, et al., Defendants. [705 NYS2d 607] —In an action to recover damages for personal injuries, etc., the defendant Avis Rent A Car, Inc., appeals from an order of the Supreme Court, Queens County (Price, J.), dated October 13, 1999, which denied its motion to change the venue of the action from Queens County to Nassau County.

Ordered that the order is reversed, on the law, with costs,

the motion is granted, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (*see,* CPLR 511 [d]).

The Supreme Court erred in denying the motion of the defendant Avis Rent A Car, Inc. (hereinafter Avis), to change venue of the action from Queens County to Nassau County. The plaintiffs, residents of New York County, improperly placed the venue of this action in Queens County, where none of the parties reside, thereby forfeiting their right to designate venue (*see,* CPLR 503 [a]; *Anderson v Ungar,* 267 AD2d 186; *Collins v Dart Tr. Co.,* 265 AD2d 368; *Panco Dev. Corp. v Platek,* 262 AD2d 292; *Llorca v Manzo,* 254 AD2d 396). The plaintiffs contend that venue should be in Queens County because the Avis vehicle involved in the accident was registered in Queens County. However, it is well settled that for venue purposes the sole residence of a foreign corporation is the county in which its principal office is located, as designated in its application for authority to conduct business filed with the State of New York (*see,* CPLR 503 [c]; Business Corporation Law § 102 [a] [10]; *Collins v Trigen Energy Corp.,* 210 AD2d 283; *Voorhees v Babcock & Wilcox Corp.,* 150 AD2d 677; *General Precision v Ametek, Inc.,* 24 AD2d 757). Avis produced an amendment to its application for authority, filed with the Secretary of State on June 5, 1975, which showed Nassau County as the location of its office within the State. Accordingly, Avis is a resident of Nassau County for purposes of venue, and its motion to change venue to Nassau County, a proper county, should have been granted. O'Brien, J. P., Altman, McGinity and Smith, JJ., concur.