■ DONNA DALY et al., Respondents, v CHARLES W. WEINTRAUB, Defendant, and P.V. HOLDING CORP., Appellant. [723 NYS2d 710] —In an action to recover damages for personal injuries, etc., the defendant P.V. Holding Corp. appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated December 11, 2000, which denied its motion to change the venue of the action from Queens County to Suffolk County, and granted the plaintiffs' cross motion to change the venue of the action from Queens County to Nassau County.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Suffolk County, all papers filed in this action and certified copies of all minutes and entries (*see,* CPLR 511 [d]).

The plaintiffs, Suffolk County residents, improperly placed the venue of this action in Queens County, where none of the parties reside, thereby forfeiting their right to designate venue (*see,* CPLR 503 [a]; *Bailon v Avis Rent A Car,* 270 AD2d 439; *Anderson v Ungar,* 267 AD2d 186). The appellant properly served a demand to change venue with its answer (*see,* CPLR 511 [a]), and timely moved to change venue to Suffolk County, where the plaintiffs reside (*see,* CPLR 503 [a]; 510, 511). The plaintiffs did not establish any basis to retain venue in Queens County, or to transfer venue to Nassau County pursuant to CPLR 510 (3) (*see, Cilmi v Greenberg, Trager, Toplitz & Herbst,* 273 AD2d 266; *Rollinson v Pergament Acquisition Corp.,* 228 AD2d 186; *Flynn v Niagara Univ.,* 198 AD2d 262; *McAdoo v Levinson,* 143 AD2d 819; *Katz v Goodyear Tire & Rubber Co.,* 116 AD2d 506, 507). Therefore, the Supreme Court erred in denying the appellant's motion to transfer venue to Suffolk County and granting the plaintiffs' cross motion to transfer venue to Nassau County (*see, Bailon v Avis Rent A Car, supra; Anderson v Ungar, supra*). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.