■ Adonias Altidort et al., Appellants, v Jean C. J. Louis, Defendant, and Samuel W. Cardelli et al., Respondents. [732 NYS2d 45] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Hubsher, J.), dated January 16, 2001, which granted the motion of the defendants Samuel W. Cardelli, Public Service Truck Renting, Inc., and Viacom, Inc., pursuant to CPLR 510 (1), to change the venue of the action from Kings County to Rockland County.

Ordered that the order is reversed, with costs, the motion is denied, and the Clerk of the Supreme Court, Rockland County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (*see,* CPLR 511 [d]).

We agree with the plaintiffs' contention that the Supreme Court erroneously granted the respondents' motion to change the venue of the instant action from Kings County to Rockland County. Pursuant to CPLR 503 (a), the venue of an action is proper in the county in which any of the parties resided at the time of commencement. The plaintiffs' stated basis for venue in Kings County was the corporate defendant's address for ser-

vice of process. The respondents moved to change venue alleging that the corporate defendant's principal place of business is Queens County. However, it is well settled that the sole residence of a domestic corporation for venue purposes is the county designated in its certificate of incorporation, despite its maintenance of an office or facility in another county (*see, Panco Dev. Corp. v Platek,* 262 AD2d 292; *Cottone v Real Estate Indus.,* 246 AD2d 572; *Cenziper v Gross,* 175 AD2d 226; *Nixon v Federated Dept. Stores,* 170 AD2d 659; *Saal v Claridge Hotel & Casino,* 152 AD2d 631; *Papadakis v Command Bus Co.,* 91 AD2d 657). The plaintiffs produced the corporate defendant's certificate of incorporation, which showed Kings as the county in which its principal office is located. Since the respondents did not allege or prove that the county designated in the corporate defendant's certificate of incorporation had since been amended, the plaintiffs' choice of venue was proper, and the respondents' motion to change venue should have been denied. O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.