■ RADEK HAKL et al., Appellants, v GINSBURG DEVELOPMENT CORP. et al., Respondents. [733 NYS2d 896] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a decision of the Supreme Court, Queens County (Golia, J.), dated May 22, 2001, and (2) an order of the same court dated July 20, 2001, which granted that branch of the motion of the defendant D&J Concrete Corp., in which the defendants Ginsburg Development Corp. and Ginsburg Development, L. L. C., joined, which was to change the venue of the action from Queens County.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is reversed, on the law, the motion is denied, and the Clerk of the Supreme Court, Putnam County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in the action and certified copies of all minutes and entries (*see,* CPLR 511 [d]); and it is further,

Ordered that the appellants are awarded one bill of costs.

The Supreme Court erred in changing the venue of the action from Queens County to Putnam County. The motion of the defendant D&J Concrete Corp., in which the defendants Ginsburg Development Corporation and Ginsburg Development, L. L. C., joined, failed to set forth valid grounds for a change of venue pursuant to either CPLR 510 (1) (*see, Runcie v Cross County Shopping Mall,* 268 AD2d 577; *Panco Dev. Corp. v Platek,* 262 AD2d 292; *Conway v Gateway Assocs.,* 166 AD2d 388), or CPLR 510 (3) (*see, Miszko v Leeds & Morelli,* 269 AD2d 372; *Schlegel v Aetna Cas. & Sur. Co.,* 258 AD2d 576; *Mallory v Long Is. R. R.,* 245 AD2d 493). Further, the Supreme Court lacked the authority to change venue *sua sponte (see, Nixon v Federated Dept. Stores,* 170 AD2d 659). Accordingly, the order must be reversed and the motion denied. O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.