■ ROSANNE GRAZIUSO et al., Respondents, v 2060 HYLAN BLVD. RESTAURANT CORP., Doing Business as ATLANTIS NITE CLUB, et al., Appellants. [753 NYS2d 103] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated November 29, 2001, which denied their motion to transfer venue of the action from Kings County to Richmond County.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Richmond County, all papers filed in the action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

We agree with the defendants that the Supreme Court should have granted their motion to transfer venue of the action from Kings County to Richmond County. Pursuant to CPLR 503 (a), the venue of an action is proper in the county in which any of the parties resided at the time of commencement. The plaintiffs' stated basis for venue in Kings County was the alleged address of the principal place of business of the defendant San Fam Enterprises, LLC (hereinafter San Fam), at 8118 13th Avenue, Brooklyn. The defendants moved to transfer venue, alleging that San Fam's principal office was located in Richmond County, as evidenced by its articles of organization.

It is well settled that the sole residence of a domestic corporation for venue purposes is the county designated in its certificate of incorporation, despite its maintenance of an office or facility in another county (*see Altidort v Louis,* 287 AD2d 669, 670; *Panco Dev. Corp. v Platek,* 262 AD2d 292, 293; *Cottone v Real Estate Indus.,* 246 AD2d 572, 573; *Cenziper v Gross,* 175 AD2d 226, 227; *Nixon v Federated Dept. Stores,* 170 AD2d 659; *Saal v Claridge Hotel & Casino,* 152 AD2d 631, 632; *Papadakis v Command Bus Co.,* 91 AD2d 657, 658; *see also Bailon v Avis Rent A Car,* 270 AD2d 439, 440). Here, as indicated, the

defendants produced San Fam's articles of organization (the equivalent of a certificate of incorporation for a limited liability company [*see* Limited Liability Company Law §§ 206, 209]), which listed Richmond as the county in which its principal office is located. Since the plaintiffs did not allege or establish that the articles of organization had since been amended, designating another county as the location of San Fam's principal office, the plaintiffs' choice of venue was improper, and the defendants' motion to transfer venue should have been granted. Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.