■ Agostino Antiques, Ltd., Respondent, v CGU-American Employers' Insurance Company et al., Defendants, and Aviette Agency, Inc., Appellant. [776 NYS2d 296]—

In an action, inter alia, to recover damages for insurance bro-

ker malpractice, the defendant Aviette Agency, Inc., appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated September 29, 2003, which denied its motion pursuant to CPLR 511 to change the venue of the action from Richmond County to Columbia County, and granted the plaintiff's cross motion pursuant to CPLR 510 (3) and CPLR 511 to change venue from Richmond County to New York County.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the Clerk of the Supreme Court, New York County, is directed to deliver to the Clerk of the Supreme Court, Columbia County, all papers filed in the action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

As correctly conceded by the plaintiff, its choice of venue was improper, and accordingly, the plaintiff forfeited its right to select the venue of this action (*see Cenziper v Gross,* 175 AD2d 226 [1991]). Thereafter, when the defendant Aviette Agency, Inc. (hereinafter Aviette), properly served with its answer a demand for change of venue pursuant to CPLR 511 (b) followed by a motion to change venue to a proper county pursuant to CPLR 503 (a), 510, and 511, the motion should have been granted, particularly, where, as here, the plaintiff failed to show that the county specified by the defendant was improper, or the county it specified was proper (*see Burstein v Fazzari,* 239 AD2d 375 [1997]). Thus, the Supreme Court erred in denying Aviette's motion.

Although the Supreme Court was not precluded from entertaining the plaintiff's cross motion to change the venue of the action as a matter of discretion (*see Mei Ying Wu v Waldbaum, Inc.,* 284 AD2d 434 [2001]), under the circumstances, the Supreme Court improvidently exercised its discretion in granting that cross motion. The plaintiff failed to submit sworn statements from any of its proposed nonparty witnesses. Therefore, it failed to establish that the witnesses for whose convenience the change of venue was sought were willing to testify, and how those witnesses would be inconvenienced in the event that a change of venue was not granted (*see Schneider v Montalbano,* 223 AD2d 586 [1996]). The plaintiff accordingly failed to establish the criteria needed to demonstrate its entitlement to relief pursuant to CPLR 510 (3) (*see O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169 [1995]). Santucci, J.P., Smith, Luciano and Adams, JJ., concur.