■ WILLIE MILOM, Appellant, v MARBLE HALL APARTMENTS, INC., Respondents. [832 NYS2d 46]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated February 6, 2006, which granted the defendants' respective motions to transfer venue of this action from Kings County to Westchester County pursuant to CPLR 510 (1) and (3).

Ordered that the order is reversed, on the law, with one bill of costs, the defendants' respective motions to transfer venue are denied, and the Clerk of the Supreme Court, Westchester County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511 [d]).

Contrary to the defendants' claims, the plaintiff's decision to place the venue of this action in Kings County was proper (see CPLR 503 [a]). CPLR 503 (a) provides, in pertinent part, "Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced." CPLR 503 (c) provides, in pertinent part, that "[a] domestic corporation . . . shall be deemed a resident of the county in which its principal office is located." Here, the plaintiff placed the venue of this action in Kings County based on the principal place of business of the defendant Marble Hall Apartments, Inc. (hereinafter Marble Hall). In its restated certificate of incorporation dated September 22, 2003, Marble Hall designated Kings County as the location of its principal place of business. Accordingly, the plaintiff's choice of venue was proper (see Hamilton v Corona Ready Mix, Inc., 21 AD3d 448, 449 [2005]; Graziuso v 2060 Hylan Blvd. Rest. Corp., 300 AD2d 627, 627-628 [2002]; Altidort v Louis, 287 AD2d 669, 670 [2001]).

The defendants failed to demonstrate that venue should be transferred to Westchester County based on the convenience of witnesses (see CPLR 510 [3]; Shindler v Warf, 24 AD3d 429,

429-430 [2005]; *Jarrett v Berner*, 8 AD3d 236, 237 [2004]; *Small v Chrysler Corp.*, 288 AD2d 208 [2001]; *Blumberg v Salem Truck Leasing*, 276 AD2d 577 [2000]). Accordingly, the Supreme Court should have denied the defendants' motions. Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.