■ WAYNE VASSELL, Respondent, v ANGELO MAGNO et al., Defendants, and CHANDRA CHILAPPA et al., Appellants. [885 NYS2d 204]—

In an action to recover damages for medical malpractice and wrongful death, the defendants Chandra Chilappa, Katayun K. Mama, Lawrence J. Klecatsky, Michael Mandel, Frank M. Tamarin, and Sound Shore Medical Center of Westchester appeal from an order of the Supreme Court, Kings County (Dabiri, J.), dated June 27, 2008, which, inter alia, denied their motion pursuant to CPLR 510 and 511 to change the venue of the action from Kings County to Westchester County.

Ordered that the order is affirmed, with costs.

Pursuant to CPLR 503 (a), the venue of an action is properly placed in the county in which any of the parties resided at the time of commencement (see Panco Dev. Corp. v Platek, 262 AD2d 292 [1999]). In this case, the plaintiff properly placed venue in Kings County, as that was the county where he resided at the time this litigation was commenced. A few years after the commencement of the action, the defendants moved pursuant to CPLR 510 and 511 to change the venue of the action from Kings County to Westchester County in "the court's discretion" (Callanan Indus. v Sovereign Constr. Co., 44 AD2d 292, 295 [1974]; see Baez v Marcus, 58 AD3d 585, 586 [2009]; Obas v Grappell, 43 AD3d 431, 432 [2007]; Pittman v Maher, 202 AD2d 172, 175 [1994]). Inasmuch as venue was originally properly placed in Kings County, and the defendants failed to demonstrate that they would be prejudiced or would suffer any particular hardship by retaining venue in Kings County, or that the interests of justice would best be served by changing the venue of the action to Westchester County, it was not an improvident exercise of discretion to, inter alia, deny the defendants' motion. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.