■ LAUREEN S. THOMAS, as Administratrix of the Estate of CHRISTOPHER TUPPER, Deceased, Appellant, v BROOKE L. BURRUS, Defendant, and GEICO INSURANCE COMPANY, Respondent. [887 NYS2d 412]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered November 13, 2008 in a wrongful death action. The order, inter alia, granted the motion of defendant Geico Insurance Company for a change of venue.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, as administratrix of the estate of Christopher Tupper (decedent), commenced this wrongful death action alleging that decedent was killed when he was struck by a vehicle negligently driven by defendant Brooke L. Burrus. Plaintiff initially commenced the action solely against Burrus, but thereafter filed an amended summons and amended complaint adding defendant Geico General Insurance Company, incorrectly sued as Geico Insurance Company (Geico), as a defendant. As against Geico, plaintiff sought a declaration that Geico was obligated to defend and indemnify Burrus in the action based on an automobile liability policy issued to her by Geico.

After learning of the amended summons and amended complaint but prior to personal service thereof, Geico served an answer and moved for a change of venue from Oneida County to Jefferson County. In addition, Geico, inter alia, sought a stay of the action pending a determination of plaintiff's cause of action seeking a declaration that Geico is obligated to defend and indemnify Burrus in the action or, alternatively, a stay to permit Geico to commence its own declaratory judgment action with respect to Geico's obligation to Burrus in this action. We conclude that Supreme Court properly granted Geico's motion

for a change of venue as well as that part of the motion of Geico for a stay of the action to enable it to commence its own declaratory judgment action.

We note at the outset that we reject plaintiff's contention that Geico is "not in this case." Plaintiff filed an amended summons and amended complaint adding Geico as a defendant, and plaintiff was served with Geico's answer. Thus, we conclude that Geico properly appeared in this action (*see* CPLR 320 [b]).

We reject plaintiff's further contention that the court erred in granting Geico's motion for a change of venue. The record establishes that plaintiff selected an improper venue, which was based upon the location of the office of plaintiff's attorney, and we conclude that plaintiff thereby forfeited her right to designate the place of trial (*see Searle v Suburban Propane Div. of Quantum Chem. Corp.*, 229 AD2d 988, 989 [1996]). In any event, in view of the fact that plaintiff's amended summons identified Jefferson County as the residence of Burrus, plaintiff cannot be heard to complain that Jefferson County is an improper venue (*see* CPLR 503 [a]).

Finally, contrary to plaintiff's contention, it is well settled that an insurer may commence an action seeking a declaration concerning the validity of its disclaimer of the duty to defend or indemnify its insured (*see Lang v Hanover Ins. Co.*, 3 NY3d 350, 356 [2004]). Present—Scudder, P.J., Smith, Carni, Pine and Gorski, JJ.