◼ BIAGGI & BIAGGI, Appellant, v 175 MEDICAL VISION PROPERTIES, LLC, et al., Respondents. [896 NYS2d 372]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered June 24, 2009, as granted that branch of the defendants' cross motion which was pursuant to CPLR 510 (1) and (3) to transfer the venue of this action from Westchester County to Kings County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion which was to transfer the venue of this action from Westchester County to Kings County is denied, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Westchester County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511 [d]).

The defendants failed to demonstrate that venue should be transferred to Kings County pursuant to CPLR 510 (1). The venue of an action is proper in the county in which any of the parties resided at the time of commencement (see CPLR 503 [a]). Furthermore, a domestic corporation is a resident of the county in which its principal office is located (see CPLR 503 [c]). The plaintiff placed this action in Westchester County based upon the residence of the corporate defendants. In opposition to that branch of the defendants' cross motion which was for a change of venue, the plaintiff produced the certificate of incorporation of the defendant 47 Lock Realty Corp., which demonstrated that its principal office was located in Westchester County (see Milom v Marble Hall Apts., Inc., 37 AD3d 672 [2007]; Hamilton v Corona Ready Mix, Inc., 21 AD3d 448, 449 [2005]; Graziuso v 2060 Hylan Blvd. Rest. Corp., 300 AD2d 627 [2002]; Altidort v Louis, 287 AD2d 669 [2001]). The defendants presented no evidence that the certificate had been amended to designate a different county (see Hamilton v Corona Ready Mix, Inc., 21 AD3d at 449). Accordingly, the plaintiff's choice of venue was proper.

Furthermore, the defendants failed to demonstrate that venue should be transferred to Kings County based on the convenience of witnesses (see CPLR 510 [3]; O'Brien v Vassar Bros. Hosp., 207 AD2d 169 [1995]). Accordingly, that branch of the defend-

ants' cross motion which was for a change of venue to Kings County should have been denied. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.