■ VALLEY PSYCHOLOGICAL, P.C., Appellant, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Also Known as GEICO, Respondent. [944 NYS2d 785]—

Kavanagh, J. Appeal from an order of the Supreme Court (Devine, J.), entered April 29, 2011 in Albany County, which, among other things, granted defendant's motion to change venue from Albany County to Nassau County.

After plaintiff commenced this action in Albany County in October 2010, defendant filed an answer, which contained 26 affirmative defenses but did not include a demand for a change of venue. Upon substitution of counsel, defendant filed an amended answer to the complaint (*see* CPLR 3025 [a]) and, with it, included a notice demanding that venue of the action be

changed to Nassau County. In support of that demand, defendant filed a motion contending that venue was improper because neither party's principal place of business was located in Albany County (*see* CPLR 503). In the alternative, defendant argued that Supreme Court should grant the motion and move the action to Nassau County because material witnesses who would testify in this action were located there (*see* CPLR 510 [3]). Plaintiff opposed this application and filed a cross motion arguing that venue should remain in Albany County. Supreme Court determined that defendant was not, as a matter of right, entitled to a change of venue because its demand was filed with the amended answer and therefore, was untimely. However, the court, in its discretion, granted the motion because it found that Nassau County was a more convenient forum for the material witnesses who would testify in this action (*see* CPLR 510 [3]). Plaintiff now appeals.

We affirm, albeit on different grounds then relied upon by Supreme Court. CPLR 511 (b) provides that a demand to change venue shall be served before or with the answer, and a motion incorporating that demand must be made within 15 days after the demand has been served. Here, as noted, defendant did not serve a demand for a change of venue with its original answer to the complaint, but did so with its amended answer. Supreme Court concluded that the amended answer was filed "solely to allow [defendant] to seek a change of venue," and found that defendant was not entitled as a matter of right to a change of venue.

Initially, we note that there is no dispute that defendant had the right to file an amended answer to the complaint (*see* CPLR 3025 [a]), and since that amended answer superceded its prior answer, defendant had the right to serve with it a demand for a change of venue (*see Penniman v Fuller & Warren Co.*, 133 NY 442, 444 [1892]; *Corea v Browne*, 45 AD3d 623, 634 [2007]). Since defendant's motion to change venue was filed within 15 days of the service of that demand, Supreme Court should not have denied it as untimely. Parenthetically, we note that the amended answer contained nine additional affirmative defenses and there is no indication that it was filed to delay the prosecution of this action (*see Boro Kitchen Cabinets v Spalt*, 9 AD2d 925 [1959]).

As for defendant's contention that it was entitled to a change of venue as a matter of right, it argues that venue in Albany County was improper because neither party's principal place of business is located there. In that regard, "a corporation is deemed a resident of the county in which its principal office is

located" (*Lombardi Assoc. v Champion Ambulette Serv.*, 270 AD2d 775, 776 [2000]), and "for the purposes of CPLR 503 (c), the location of a corporation's principal office is determined solely by the designation in its certificate of incorporation" (*id.*; *see Bakht v Southridge Coop. Section 4, Inc.*, 70 AD3d 988 [2010]; *Biaggi & Biaggi v 175 Med. Vision Props., LLC*, 70 AD3d 880 [2010]; *Addo v Melnick*, 61 AD3d 453 [2009]). Plaintiff's certificate of incorporation designates Westchester County as its principal place of business. Defendant is a foreign corporation and is not required to designate a principal place of business in such a certificate (*see* Insurance Law § 108 [e]; Business Corporation Law § 1304 [a] [5]; *Providence Washington Ins. Co. v Squier Corp.*, 31 AD2d 514 [1968]), but maintains that its principal place of business in this state is located in Nassau County. Therefore, Albany County was not a proper venue for this action* (*see* Insurance Law § 108 [e]; Business Corporation Law § 1304 [a] [5]), and defendant was entitled to a change of venue as a matter of right (*see* CPLR 510 [1]; 511 [a]).

Peters, P.J., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

* Plaintiff's counsel conceded this point at oral argument.