In an action to recover damages, inter alia, for medical mal *744 practice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (O’Donoghue, J.), entered September 6, 2011, which granted the motion of the defendant Myles E. Gombert pursuant to CPLR 510 (1) to change the venue of the action from Queens County to Nassau County.
Ordered that the order is affirmed, with costs.
The plaintiff, who represents the estate of Ruth Greenberg (hereinafter the decedent), designated Queens County as the venue of this action based upon the residence of the decedent. The defendant Myles E. Gombert (hereinafter the respondent) first demanded and then moved for a change of venue to Nassau County on the ground that venue was improperly based on the decedent’s residence and upon a showing that none of the parties resided in Queens County when the action was commenced (see CPLR 503 [a]; 510, 511; Ramos v Cooper Tire & Rubber Co., 62 AD3d 773 [2009]; Galan v Delacruz, 4 AD3d 449 [2004] ; Daly v Weintraub, 282 AD2d 643 [2001]; Bailon v Avis Rent A Car, 270 AD2d 439 [2000]). After the respondent moved for a change of venue, the plaintiff, a resident of New Jersey, obtained letters of limited administration from the Queens County Surrogate’s Court. In opposition to the motion, the plaintiff contended that because he was appointed in Queens County, the venue of the action should be Queens County. The plaintiff, however, cannot be deemed a resident of Queens County based on his appointment in that county (cf. CPLR 503 [b]), since that appointment occurred after the action was commenced (see Crew v St. Joseph’s Med. Ctr., 19 AD3d 205, 206 [2005] ; Matter of Estate of Morgana v Staten Is. Hotel, 32 Misc 3d 1229[A], 2011 NY Slip Op 51496[U] [2011]). Contrary to the plaintiffs contention, the Supreme Court properly considered the arguments made by the respondent in his reply papers, which addressed the evidence and arguments presented by the plaintiff in opposition (see Vera v Soohoo, 99 AD3d 990 [2012]; Lebar Constr. Corp. v HRH Constr. Corp., 292 AD2d 506, 507 [2002]; Ticor Tit. Guar. Co. v Bajraktari, 261 AD2d 156 [1999]; cf. Matter of Harleysville Ins. Co. v Rosario, 17 AD3d 677, 677-678 [2005]). The plaintiffs remaining contentions are without merit.
Accordingly, in the absence of any evidence sufficient to establish a basis to retain venue in Queens County or to show that Nassau County was not a proper venue, the Supreme Court properly granted the respondent’s motion to change the venue of the action from Queens County to Nassau County (see Lopez v K Angle K, Inc., 24 AD3d 422, 423 [2005]; Daly v Weintraub, 282 AD2d 643 [2001]). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.