■ RAYMOND R. HAMILTON et al., Appellants, v CORONA READY MIX, INC., Respondent. [800 NYS2d 450]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated June 29, 2004, which granted the defendant's motion for a change of venue from Kings County to Queens County.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court,

Kings County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511 [d]).

The Supreme Court erroneously granted the defendant's motion to change the venue of the instant action from Kings County to Queens County. Pursuant to CPLR 503 (a), the venue of an action is proper in the county in which any of the parties resided at the time of commencement. The sole residence of a domestic corporation for venue purposes is the county designated in its certificate of incorporation, despite its maintenance of an office or facility in another county (see *Graziuso v 2060 Hylan Blvd. Rest. Corp.,* 300 AD2d 627 [2002]; *Altidort v Louis,* 287 AD2d 669 [2001]). Here, the plaintiffs properly placed venue in Kings County, despite the fact that the defendant claimed that its office was located in Queens County, since Kings County was the county designated in the defendant's certificate of incorporation, and the defendant failed to prove that the certificate had been amended to designate a different county. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.