■ Susan Gonzalez, Respondent, v Sun Moon Enterprises Corp. et al., Appellants, et al., Defendants. [861 NYS2d 401]—

In an action to recover damages for personal injuries, the defendants Sun Moon Enterprises Corp. and Hung Lin Che appeal from an order of the Supreme Court, Kings County (Held, J.), dated September 6, 2007, which granted the plaintiff's motion for leave to reargue her opposition to a prior motion to change the venue of the action from Kings County to Nassau County, which had been granted in an order of the same court dated June 19, 2007, and upon reargument, in effect, vacated the original order and denied the motion to change venue.

Ordered that the order dated September 6, 2007 is affirmed, without costs or disbursements.

The Supreme Court properly granted the plaintiff's motion for leave to reargue (see CPLR 2221 [d]), and upon reargument, properly, in effect, vacated the order dated June 19, 2007, and denied the motion to change venue. Pursuant to CPLR 503 (a), the venue of an action is properly placed in the county in which any of the parties resided at the time of commencement (see Panco Dev. Corp. v Platek, 262 AD2d 292 [1999]). To effect a change of venue pursuant to CPLR 510 (1), a defendant must show that the plaintiff's choice of venue is improper and that its choice of venue is proper (see CPLR 511 [b]; Agway, Inc. v Kervin, 188 AD2d 1076, 1077 [1992]; Nixon v Federated Dept. Stores, 170 AD2d 659 [1991]). While the appellants established through the certificate of incorporation that the principal office of the defendant Sun Moon Enterprises Corp. was located in Queens County (see CPLR 503 [c]; Hamilton v Corona Ready Mix, Inc., 21 AD2d 448, 449 [2005]; Altidort v Louis, 287 AD2d 669, 670 [2001]; Panco Dev. Corp. v Platek, 262 AD2d 292, 293 [1999]), they failed to proffer any documentary evidence to confirm their attorney's assertion that the defendant Magnola Sanchez was not a resident of Kings County at the commencement of the action (see Broderick v R.Y. Mgt. Co., Inc., 13 AD3d 197 [2004]). The documentary evidence presented by the plaintiff in opposition only confirmed her assertion that Sanchez was a resident of Kings County when the action was commenced. The evidence regarding Sanchez's residence, which was submitted by the appellants for the first time in their reply papers and at oral argument, should have been disregarded, as

it was not properly before the Supreme Court (*see Haggerty v Quast,* 48 AD3d 629, 631 [2008]; *Rubens v Fund,* 23 AD3d 636, 637 [2005]; *Sanz v Discount Auto,* 10 AD3d 395 [2004]).

Accordingly, upon reargument, the Supreme Court properly denied the appellants' motion to change venue from King County to Nassau County, since the appellants failed to establish that the county designated by the plaintiff in the first instance was improper. Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.