■ SHAH BAKHT, Appellant, v SOUTHRIDGE COOPERATIVE SECTION 4, INC., Respondent. [893 NYS2d 896]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated April 9, 2009, as granted the defendant's motion for leave to renew and reargue its prior motion to change venue from Kings County to Queens County, which had been determined in an order dated December 11, 2008, and, upon renewal and reargument, in effect, vacated the order dated December 11, 2008, and thereupon granted the motion to change venue.

Ordered that the order dated April 9, 2009, is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion in granting that branch of the defendant's motion which was for leave to reargue. The defendant clearly demonstrated that the Supreme Court either overlooked or misapprehended the relevant facts and law (*see* CPLR 2221 [d] [2]; *Long v Long*, 251 AD2d 631 [1998]; *Loland v City of New York*, 212 AD2d 674 [1995]). Since the plaintiff placed venue in Kings County on the basis of the corporate defendant's residence (*see* CPLR 503 [a]), and the defendant's certificate of incorporation designates Queens County as the place of the defendant's principal place of business (*see* CPLR 503 [c]), upon reargument, the Supreme Court properly granted the defendant's motion for a change of venue to Queens County (*see Hamilton v Corona Ready Mix, Inc.*, 21 AD3d 448, 449 [2005]; *Graziuso v 2060 Hylan Blvd. Rest. Corp.*, 300 AD2d 627 [2002]; *Altidort v Louis*, 287 AD2d 669 [2001]).

The plaintiff's remaining contention has been rendered academic in light of our determination. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.