■ JASON CAMPBELL, Appellant, v THE WESTERN BEEF, Respondent, et al., Defendants. [997 NYS2d 329]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Bayne, J.), dated December 11, 2013, which granted the motion of the defendant The Western Beef pursuant to CPLR 510 (1) and 511 to change venue of the action from Kings County to Queens County, and (2), as limited by his brief, from so much of an order of the same court dated March 14, 2014, as denied those branches of his motion which were for leave to renew his opposition to that defendant's motion and, pursuant to CPLR 5015 (a) (3), to vacate the order dated December 11, 2013.

Ordered that the order dated December 11, 2013, is reversed, on the law, the motion of the defendant The Western Beef to change venue of the action from Kings County to Queens County is denied, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in the action and certified copies of all minutes and entries (see CPLR 511 [d]); and it is further,

Ordered that the appeal from the order dated March 14, 2014, is dismissed as academic, in light of our determination of the appeal from the order dated December 11, 2013; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

CPLR 503 (a) provides, in relevant part, that "the place of

trial shall be in the county in which one of the parties resided when [the action] was commenced." In order to prevail on a motion pursuant to CPLR 510 (1) to change venue, a defendant must show that the plaintiff's choice of venue is improper and that the defendant's choice of venue is proper (*see* CPLR 511 [b]; *Deas v Ahmed*, 120 AD3d 750, 750 [2014]; *Chehab v Roitman*, 120 AD3d 736, 737 [2014]; *Gonzalez v Sun Moon Enters. Corp.*, 53 AD3d 526, 526 [2008]).

Here, to succeed on its motion, the respondent was obligated to demonstrate that, on the date that this action was commenced, none of the parties resided in Kings County (*see Deas v Ahmed*, 120 AD3d at 751; *Chehab v Roitman*, 120 AD3d at 737; *Ramos v Cooper Tire & Rubber Co.*, 62 AD3d 773 [2009]; *Baez v Marcus*, 58 AD3d 585, 586 [2009]). The respondent failed to do so (*see Ramos v Cooper Tire & Rubber Co.*, 62 AD3d at 773; *Baez v Marcus*, 58 AD3d at 586). Accordingly, the respondent's motion should have been denied.

The plaintiff's remaining contentions have been rendered academic in light of our determination. Leventhal, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.