◼ ALICJA MATOSZKO, Respondent, v CHRISTINE KIELMANOWICZ et al., Appellants, et al., Defendant. [25 NYS3d 294]—

In an action to recover damages for personal injuries, the defendants Christine Kielmanowicz and Henry Kielmanowicz appeal from an order of the Supreme Court, Kings County (Silber, J.), dated January 28, 2015, which denied their motion, in effect, pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Nassau County.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Christine Kielmanowicz and Henry Kielmanowicz, in effect, pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Nassau County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

On November 9, 2012, the plaintiff allegedly sustained injuries when she tripped and fell over a defect in the sidewalk abutting premises located in Brooklyn, which were owned by the defendants Christine Kielmanowicz and Henry Kielmanowicz (hereinafter the appellants), and occupied by the defendant Ott Bagel, Inc., Thai Cuisine (hereinafter Ott Bagel). In April 2014, the plaintiff commenced this action in the Supreme Court, Kings County, to recover damages for personal injuries. The plaintiff's basis for venue was the alleged location of the

principal place of business of Ott Bagel. In the order appealed from, the Supreme Court denied the appellants' motion, in effect, pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Nassau County.

"[T]o prevail on a motion pursuant to CPLR 510 (1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper" (*Deas v Ahmed*, 120 AD3d 750, 750 [2014]; *see* CPLR 511 [b]; *Gonzalez v Sun Moon Enters. Corp.*, 53 AD3d 526, 526 [2008]). The venue of an action is proper in the county in which any of the parties resided at the time of commencement (*see* CPLR 503 [a]; *Hamilton v Corona Ready Mix, Inc.*, 21 AD3d 448, 449 [2005]). "[T]he sole residence of a domestic corporation for venue purposes is the county designated in its certificate of incorporation, despite its maintenance of an office or facility in another county" (*Graziuso v 2060 Hylan Blvd. Rest. Corp.*, 300 AD2d 627, 627 [2002]; *see Hamilton v Corona Ready Mix, Inc.*, 21 AD3d at 449; *Altidort v Louis*, 287 AD2d 669, 670 [2001]; *Panco Dev. Corp. v Platek*, 262 AD2d 292, 293 [1999]).

Here, in support of their motion, the appellants submitted evidence demonstrating that, at the time this action was commenced, the plaintiff resided in Queens County and the appellants resided in Nassau County. In addition, the appellants established that the principal office of Ott Bagel was located in Queens County by submitting its certificate of incorporation. Thus, the appellants met their initial burden of demonstrating that the plaintiff's choice of venue was improper, and also that the appellants' choice of venue was proper (*see Bakht v Southridge Coop. Section 4, Inc.*, 70 AD3d 988, 988 [2010]). In opposition, the plaintiff failed to establish that Ott Bagel's certificate of incorporation had been amended to designate a different county (*cf. Discolo v River Gas & Wash Corp.*, 41 AD3d 126, 126-127 [2007]). Accordingly, the Supreme Court should have granted the appellants' motion, in effect, pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Nassau County. Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.