■ Delrois Kidd, Respondent, v 22-11 Realty, LLC, et al., Appellants. [35 NYS3d 719]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Saitta, J.), dated March 19, 2015, which denied their motion pursuant to CPLR 510 (1) to change the venue of the action from Kings County to Nassau County.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when a ceiling at a building in Queens collapsed. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the defendant 22-11 Realty, LLC, which was the owner of the building, and the defendant Abro Management Corp. (hereinafter Abro), which was the manager of the building, in the Supreme Court, Kings County. The summons stated that the plaintiff designated Kings County as the venue based upon "[d]efendant's residence." The complaint alleged that 22-11 Realty,

LLC, maintained its principal place of business in Queens County, and that Abro maintained its principal place of business in Kings County. In the order appealed from, the Supreme Court denied the defendants' motion pursuant to CPLR 510 (1) to change the venue of the action to Nassau County, where the defendants claimed that Abro maintained its principal place of business. We affirm.

"[T]o prevail on a motion pursuant to CPLR 510 (1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper" (*Deas v Ahmed*, 120 AD3d 750, 750 [2014]; *see* CPLR 511 [b]; *Gonzalez v Sun Moon Enters. Corp.*, 53 AD3d 526, 526 [2008]). The venue of an action is proper in the county in which any of the parties resided at the time of commencement (*see* CPLR 503 [a]; *Matoszko v Kielmanowicz*, 136 AD3d 762, 763 [2016]; *Hamilton v Corona Ready Mix, Inc.*, 21 AD3d 448, 449 [2005]). "[T]he sole residence of a domestic corporation for venue purposes is the county designated in its certificate of incorporation, despite its maintenance of an office or facility in another county" (*Graziuso v 2060 Hylan Blvd. Rest. Corp.*, 300 AD2d 627, 627 [2002]; *see Matoszko v Kielmanowicz*, 136 AD3d at 763; *Hamilton v Corona Ready Mix, Inc.*, 21 AD3d at 449; *Altidort v Louis*, 287 AD2d 669, 670 [2001]; *Panco Dev. Corp. v Platek*, 262 AD2d 292, 293 [1999]).

Here, the defendants failed to submit Abro's certificate of incorporation or otherwise demonstrate that the certificate of incorporation had been amended to designate Nassau County as the location of Abro's principal office. Accordingly, the defendants failed to meet their initial burden of demonstrating that Abro's principal office was located in Nassau County and that the plaintiff's choice of venue in Kings County, based on Abro's alleged principal place of business, was improper (*see Chehab v Roitman*, 120 AD3d 736, 738 [2014]; *Ramos v Cooper Tire & Rubber Co.*, 62 AD3d 773 [2009]; *Gonzalez v Sun Moon Enters. Corp.*, 53 AD3d at 527; *see also Discolo v River Gas & Wash Corp.*, 41 AD3d 126, 126 [2007]).

Based on the foregoing, the Supreme Court correctly denied the defendants' motion pursuant to CPLR 510 (1) to change the venue of the action from Kings County to Nassau County. Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.