O.K. v Y.M. & Y.W.H.A. of Williamsburg, Inc. (2019 NY Slip Op 06156)





O.K. v Y.M. & Y.W.H.A. of Williamsburg, Inc.


2019 NY Slip Op 06156


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-02425
 (Index No. 511837/17)

[*1]O.K., etc., et al., appellants, 
v
Y.M. & Y.W.H.A. of Williamsburg, Inc., et al., respondents.


William Pager, Brooklyn, NY, for appellants.
Malapero Prisco & Klauber LLP, New York, NY (Cynthia P. Camacho and Andrew L. Klauber of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 19, 2018. The order granted the defendants' motion pursuant to CPLR 510(1) and 511(a) to change the venue of the action from Kings County to Nassau County.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 510(1) and 511(a) to change the venue of the action from Kings County to Nassau County is denied.
The plaintiffs commenced this action to recover damages for personal injuries that the infant plaintiff allegedly sustained when she fell at a daycare facility operated by the defendants in Brooklyn. The summons stated that the plaintiffs designated Kings County as the venue based upon the defendants' residence, and the complaint alleged that the defendants maintained their principal place of business in Kings County. The defendants moved pursuant to CPLR 510(1) and 511(a) to change the venue of the action from Kings County to Nassau County, where the defendants' allegedly maintained their principal office. The defendants argued that Kings County was not a proper venue because neither party resided there at the time of the commencement of the action. In the order appealed from, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
At the time of the commencement of this action, CPLR 503 provided, in relevant part, that "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced" (CPLR 503[a], as amended by L 2017, ch 366 [eff Oct. 23, 2017]; Matoszko v Kielmanowicz, 136 AD3d 762, 763). "[T]he sole residence of a domestic corporation for venue purposes is the county designated in its certificate of incorporation, despite its maintenance of an office or facility in another county" (Graziuso v 2060 Hylan Blvd. Rest. Corp., 300 AD2d 627, 627; see Kidd v 22-11 Realty, LLC, 142 AD3d 488, 489; Matoszko v Kielmanowicz, 136 AD3d at 763).
"To effect a change of venue pursuant to CPLR 510(1), a defendant must show that [*2]the plaintiff's choice of venue is improper and that its choice of venue is proper" (Gonzalez v Sun Moon Enters. Corp., 53 AD3d 526, 526; see Kidd v 22-11 Realty, LLC, 142 AD3d at 489). To succeed on their motion here, the defendants were obligated to demonstrate that, on the date that this action was commenced, neither of the parties resided in Kings County (see Deas v Ahmed, 120 AD3d 750, 751; Chehab v Roitman, 120 AD3d 736, 737; Baez v Marcus, 58 AD3d 585, 586). Only if the defendants made such a showing were the plaintiffs required to establish, in opposition, via documentary evidence, that the venue they selected was proper (see Deas v Ahmed, 120 AD3d at 751; Chehab v Roitman, 120 AD3d at 737).
Here, the defendants failed to submit their certificate of incorporation. Contrary to the defendants' contention, the computer printout they submitted in support of their motion from the website of the New York State Department of State, Division of Corporations was inadmissible, since it was not certified or authenticated, and it was not supported by a factual foundation sufficient to demonstrate its admissibility as a business record (see Werner v City of New York, 135 AD3d 740, 741; Dyer v 930 Flushing, LLC, 118 AD3d 742, 742-743). Therefore, the defendants failed to meet their initial burden of demonstrating that their principal office was located in Nassau County and that the plaintiffs' choice of venue in Kings County was improper (see Kidd v 22-11 Realty, LLC, 142 AD3d at 489; Ramos v Cooper Tire & Rubber Co., 62 AD3d 773; see also Deas v Ahmed, 120 AD3d at 751).
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 510(1) and 511(a) to change the venue of the action from Kings County to Nassau County.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court