Harvey v Ogunfowora (2020 NY Slip Op 00264)





Harvey v Ogunfowora


2020 NY Slip Op 00264


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2018-11179
 (Index No. 504201/18)

[*1]Valrie Harvey, etc., et al., respondents,
v
Olusegun O. Ogunfowora, etc., et al., appellants, et al., defendants.


Martin, Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino of counsel), for appellant Olusegun O. Ogunfowora.
Furey, Furey, Leverage, Manzione & Darlington, P.C., Hempstead, NY (Susan Weihs Darlington of counsel), for appellants Nisha K. Sethi, Dr. Nisha K. Sethi, M.D., P.C., and Ellen Medina.
Levine & Grossman, Mineola, NY (Steven Sachs of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendants Nisha K. Sethi, Dr. Nisha K. Sethi, M.D., P.C., and Ellen Medina appeal, and the defendant Olusegun O. Ogunfowora separately appeals, from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated August 2, 2018. The order denied the motion of the defendants Nisha K. Sethi, Dr. Nisha K. Sethi, M.D., P.C., and Ellen Medina pursuant to CPLR 510(1) and 511 to change the venue of the action from Kings County to Nassau County.
ORDERED that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
On March 1, 2018, the plaintiffs commenced this action against the defendants to recover damages, inter alia, for medical malpractice and wrongful death, placing venue in Kings County based upon the "defendant's place of business." The defendants Nisha K. Sethi, Dr. Nisha K. Sethi, M.D., P.C., and Ellen Medina (hereinafter the moving defendants) served a timely demand with their separate answers for a change of venue from Kings County to Nassau County pursuant to CPLR 511(b). By affirmation in opposition to the demand, the plaintiffs asserted that the basis of venue was the places of business of the defendants Olusegun O. Ogunfowora, Rulx Dupiton, and Mossammat Mansur. Within 15 days after service of their demand, the moving defendants moved pursuant to CPLR 503(a), (b), 510(1) and 511(b) to transfer venue to Nassau County alleging that none of the individual defendants resided in Kings County and that the alleged negligent acts or omissions occurred in Nassau County. In support of the motion, the moving defendants submitted an affirmation of counsel and did not submit an affidavit from any of the defendants attesting to their places of residence. The plaintiffs opposed the motion. In further support of the motion, the defendants Ogunfowora and Dupiton separately submitted affidavits in reply. The Supreme Court denied the motion. The moving defendants and Ogunfowora separately appeal.
"The court, upon motion, may change the place of trial of an action where . . . the county designated for that purpose is not a proper county" (CPLR 510[1]). To prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper (see Pinos v Clinton Café & Deli, Inc., 139 AD3d 1034, 1035; Deas v Ahmed, 120 AD3d 750). Only if a defendant meets this burden is the plaintiff required to establish, in opposition, that the venue selected was proper (see Young Sun Chung v Kwah, 122 AD3d 729, 730). Here, the moving defendants failed to meet their initial burden of demonstrating through admissible evidence that, on the date that this action was commenced, none of the parties resided in Kings County (see Campbell v Western Beef, 123 AD3d 966, 967; Ramos v Cooper Tire & Rubber Co., 62 AD3d 773). We therefore agree with the Supreme Court's determination to deny the motion.
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court