Drayer-Arnow v Ambrosio & Co., Inc. (2020 NY Slip Op 01601)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Drayer-Arnow v Ambrosio & Co., Inc.

2020 NY Slip Op 01601

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2019-05966
(Index No. 700516/19)

[*1]Melissa Drayer-Arnow, appellant, 
vAmbrosio & Company, Inc., et al., defendants, Inshallah Mechanical Corp., et al., respondents.

Law Offices of Elan Wurtzel, P.C., Plainview, NY, for appellant.
Barry, McTiernan & Moore, LLC, White Plains, NY (Laurel A. Wedinger of counsel), for respondent Inshallah Mechanical Corp.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondent W.J. Northridge Construction Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered May 21, 2019. The order granted the separate motions of the defendants Inshallah Mechanical Corp. and W.J. Northridge Construction Corp. to change the venue of the action from Queens County to Suffolk County, and directed the Clerk of the Supreme Court, Queens County, to transfer the file in the action to the Clerk of the Supreme Court, Suffolk County.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, with one bill of costs, the separate motions of the defendants Inshallah Mechanical Corp. and W.J. Northridge Construction Corp. to change the venue of the action from Queens County to Suffolk County are denied, and the Clerk of the Supreme Court, Suffolk County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511[d]).
The plaintiff allegedly was injured when she tripped and fell on premises owned by the Plainview Central School District in Nassau County. The plaintiff, who is a resident of Suffolk County, commenced this personal injury action placing venue in Queens County based upon the residence of the defendant Inshallah Mechanical Corp. (hereinafter Inshallah), which allegedly performed certain construction work at the premises. When their demands for a change of venue from Queens County to Suffolk County pursuant to CPLR 511(b) were not met, Inshallah and the defendant W.J. Northridge Construction Corp. (hereinafter Northridge) separately moved pursuant to CPLR 503(a), 510, and 511 to change the venue of the action from Queens County to Suffolk County, alleging, inter alia, that Inshallah's principal office was located in Suffolk County and all of the remaining parties resided in Suffolk County. The Supreme Court granted the separate motions of Inshallah and Northridge, and the plaintiff appeals.
CPLR 503 provides, in pertinent part, that "[e]xcept where otherwise prescribed by [*2]law, the place of trial shall be in the county in which one of the parties resided when it was commenced" (CPLR 503[a]). The sole residence of a domestic corporation for venue purposes is the county designated in its certificate of incorporation, despite its maintenance of an office or facility in another county (see CPLR 503[c]; O.K. v Y.M. & Y.W.H.A. of Williamsburg, Inc., 175 AD3d 540; Kidd v 22-11 Realty, LLC, 142 AD3d 488, 489; Matoszko v Kielmanowicz, 136 AD3d 762, 763).
"To effect a change of venue pursuant to CPLR 510(1), a defendant must show that the plaintiff's choice of venue is improper and that its choice of venue is proper" (Gonzalez v Sun Moon Enters. Corp., 53 AD3d 526, 526; see Kidd v 22-11 Realty, LLC, 142 AD3d at 489). To succeed on their motions here, the moving defendants were obligated to demonstrate that, on the date that this action was commenced, none of the parties resided in Queens County (see Pomaquiza v 145 WS Owner, LLC, 172 AD3d 1119, 1120; Campbell v Western Beef, 123 AD3d 966, 967; Ramos v Cooper Tire & Rubber Co., 62 AD3d 773). Only if the moving defendants made such a showing was the plaintiff required to establish, in opposition, that the venue she selected was proper (see Deas v Ahmed, 120 AD3d 750, 751; Chehab v Roitman, 120 AD3d 736, 737).
Here, the moving defendants failed to submit the certificate of incorporation of Inshallah. In support of its motion, Northridge admitted that the address of Inshallah's principal office listed on the website of the New York State Department of State, Division of Corporations, was located in Queens County, which only confirmed that the plaintiff's choice of venue was proper. Although Inshallah's chief executive officer claimed that Inshallah's principal office was in Suffolk County and that it no longer maintained its principal office in Queens County, the moving defendants failed to establish that Inshallah's certificate of incorporation had been amended to designate a county other than Queens (see Kidd v 22-11 Realty, LLC, 142 AD3d at 489; Matoszko v Kielmanowicz, 136 AD3d at 763; Hamilton v Corona Ready Mix, Inc., 21 AD3d 448, 449). The plaintiff's submission, in opposition, of a certified copy of Inshallah's certificate of incorporation, which demonstrated that Inshallah's principal office was located in Queens County, conclusively established that her choice of venue was proper. Accordingly, those branches of their motions which were pursuant to CPLR 510(1) and 511(a) to change the venue of the action from Queens County to Suffolk County should have been denied (see O.K. v Y.M. & Y.W.H.A. of Williamsburg, Inc., 175 AD3d 540; Kidd v 22-11 Realty, LLC, 142 AD3d at 489; Ramos v Cooper Tire & Rubber Co., 62 AD3d at 773).
Furthermore, the defendants were not entitled to a change of venue pursuant CPLR 510(3) and 511(a), since they failed to meet the criteria for a change of venue based on the convenience of material nonparty witnesses (see Marrero v Mamkin, 170 AD3d 1159, 1160-1161; O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 172-173).
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court