Joseph v Kaufman (2020 NY Slip Op 06508)





Joseph v Kaufman


2020 NY Slip Op 06508


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-10197
 (Index No. 502694/19)

[*1]Iclide Joseph, et al., appellants,
v
Saul Kaufman, respondent.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated August 16, 2019. The order granted the defendant's motion to change the venue of the action from Kings County to Rockland County and directed the Clerk of the Supreme Court, Kings County, to transfer the file in the action to the Clerk of the Supreme Court, Rockland County.
ORDERED that the order is reversed, on the law, with costs, the defendant's motion to change the venue of the action from Kings County to Rockland County is denied, and the Clerk of the Supreme Court, Rockland County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511[d]).
In February 2019, the plaintiffs commenced this action in the Supreme Court, Kings County, to recover damages for personal injuries they each allegedly sustained in a motor vehicle accident that occurred in Rockland County. The plaintiffs' basis of venue was the defendant's residence as stated in the police accident report. The defendant moved pursuant to CPLR 510(1) and (3) and 511(a) to change the venue of the action from Kings County to Rockland County, arguing, inter alia, that none of the parties resided in Kings County at the time of the commencement of the action. In an order dated August 16, 2019, the Supreme Court granted the defendant's motion. The plaintiffs appeal.
"The court, upon motion, may change the place of trial of an action where . . . the county designated for that purpose is not a proper county" (CPLR 510[1]). "To prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper" (Williams v Staten Is. Univ. Hosp., 179 AD3d 869, 870). "Only if a defendant meets this burden is the plaintiff required to establish, in opposition, that the venue selected was proper" (Harvey v Ogunfowora, 179 AD3d 775, 776).
CPLR 503(a) provides, in relevant part, that "the place of trial shall be in the county in which one of the parties resided when [the action] was commenced" (see Guerrero v BRE Park Ave. Tower Owner, LLC, 176 AD3d 1035, 1036). To succeed on his motion, the defendant needed [*2]to demonstrate that on the date this action was commenced, none of the parties resided in Kings County (see Drayer-Arnow v Ambrosio & Co., Inc., 181 AD3d 651, 652; Pomaquiza v 145 WS Owner, LLC, 172 AD3d 1119, 1120).
The defendant's conclusory statement in his affidavit that he resided in Rockland County when this action was commenced, without any supporting documentary evidence, was insufficient to establish that he resided in Rockland County, and not Kings County, at the time this action was commenced (see Lividini v Goldstein, 175 AD3d 420, 421-422; Forbes v Rubinovich, 94 AD3d 809, 810; Ingenito v Wantagh Racket Sports, Inc., 47 AD3d 887, 888; Gonzalez v Weiss, 38 AD3d 492, 493; Furth v ELRAC, Inc., 11 AD3d 509, 510). Further, the documentary evidence that the defendant submitted for the first time in his reply papers was not properly before the Supreme Court (see Pinos v Clinton Cafe & Deli, Inc., 139 AD3d 1034, 1036; Dyer v 930 Flushing, LLC, 118 AD3d 742, 743; Gonzalez v Sun Moon Enters. Corp., 53 AD3d 526, 526-527).
Moreover, the defendant was not entitled to a change of venue pursuant to CPLR 510(3), as he failed to meet the criteria for a change of venue based on the convenience of material nonparty witnesses (see Drayer-Arnow v Ambrosio & Co., Inc., 181 AD3d at 653; O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 172-173).
Accordingly, the Supreme Court should have denied the defendant's motion to change the venue of the action from Kings County to Rockland County.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court