Green v Duga (2021 NY Slip Op 06990)





Green v Duga


2021 NY Slip Op 06990


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-04622
 (Index No. 616440/19)

[*1]Atoya Green, appellant, 
v
Rome Duga, et al., defendants, Valley Park Estates Owners Corp., respondent.


Guadagnoli & Associates, P.C. (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Miranda Slone Sklarin Verveniotis, Mineola, NY (Kelly M. Zic of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered May 18, 2020. The order, insofar as appealed from, granted the motion of the defendant Valley Park Estates Owners Corp. to change venue of the action from Queens County to Nassau County, and directed the Clerk of the Supreme Court, Queens County, to transfer the file in the action to the Clerk of the Supreme Court, Nassau County.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Valley Park Estates Owners Corp. to change venue of the action from Queens County to Nassau County is denied, and the Clerk of the Supreme Court, Nassau County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511[d]).
On September 23, 2016, the plaintiff allegedly was injured when she tripped and fell on a sidewalk located in front of a residential property in Valley Stream. The plaintiff commenced this personal injury action against the defendants, placing venue in Queens County based upon the residence of the defendant Valley Park Estates Owners Corp. (hereinafter Valley Park). When its demand for a change of venue from Queens County to Nassau County pursuant to CPLR 511(b) was not met, Valley Park moved, inter alia, pursuant to CPLR 503 to change the venue of the action from Queens County to Nassau County, alleging, among other things, that Valley Park's principal office was located in Nassau County and that all of the remaining parties resided in Nassau County. The Supreme Court granted Valley Park's motion, and the plaintiff appeals.
CPLR 503(a) (as amended by L 2017, ch 366) provides, in pertinent part, that "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced." The sole residence of a domestic corporation for venue purposes is the county designated in its certificate of incorporation, despite its maintenance of an office or facility in another county (see CPLR 503[c]; O.K. v Y.M. & Y.W.H.A. of Williamsburg, Inc., 175 AD3d 540; Kidd v 22-11 Realty, LLC, 142 AD3d 488, 489; Matoszko v Kielmanowicz, 136 AD3d 762, 763; Hamilton v Corona Ready Mix, Inc., 21 AD3d 448, 449).
"To effect a change of venue pursuant to CPLR 510(1), a defendant must show that [*2]the plaintiff's choice of venue is improper and that its choice of venue is proper" (Gonzalez v Sun Moon Enters. Corp., 53 AD3d 526, 526; see Kidd v 22-11 Realty, LLC, 142 AD3d at 489). To succeed on its motion, Valley Park was obligated to demonstrate that, on the date that this action was commenced, none of the parties resided in Queens County (see Pomaquiza v 145 WS Owner, LLC, 172 AD3d 1119, 1120; Campbell v Western Beef, 123 AD3d 966, 967; Ramos v Cooper Tire & Rubber Co., 62 AD3d 773). Only if Valley Park made such a showing was the plaintiff required to establish, in opposition, via documentary evidence, that the venue she selected was proper (see Deas v Ahmed, 120 AD3d 750, 751; Chehab v Roitman, 120 AD3d 736, 737).
Here, Valley Park failed to make such a showing. Although Valley Park claimed that its principal office was in Nassau County and that it no longer maintained its principal office in Queens County, it failed to prove that its certificate of incorporation had been amended to designate a county other than Queens (see Kidd v 22-11 Realty, LLC, 142 AD3d at 489; Matoszko v Kielmanowicz, 136 AD3d at 763; Hamilton v Corona Ready Mix, Inc., 21 AD3d at 449; Altidort v Louis, 287 AD2d 669, 670). The plaintiff's submission, in opposition, of a certified copy of Valley Park's certificate of incorporation, which stated that Valley Park's principal office was located in Queens County, further underscored that her choice of venue was proper. Since Valley Park failed to meet its initial burden of demonstrating that its principal office was located in Nassau County and that the plaintiff's choice of venue in Queens County was improper, its motion to change the venue of the action from Queens County to Nassau County should have been denied (see Drayer-Arnow v Ambrosio & Co., Inc., 181 AD3d 651, 652; O.K. v Y.M. & Y.W.H.A. of Williamsburg, Inc., 175 AD3d 540; Kidd v 22-11 Realty, LLC, 142 AD3d at 489).
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court