Faulkner v Best Trails & Travel Corp. (2022 NY Slip Op 01770)





Faulkner v Best Trails & Travel Corp.


2022 NY Slip Op 01770


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2021-02034
 (Index No. 520997/20)

[*1]Clinton Faulkner, respondent, 
v
Best Trails and Travel Corp., appellant, et al., defendant.


Smith Mazure, P.C., New York, NY (Louise M. Cherkis of counsel), for appellant.
Schmelkin Associates, P.C., New York, NY (Joel Schmelkin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Best Trails and Travel Corp. appeals from an order of the Supreme Court, Kings County (Mark Partnow, J.), dated March 11, 2021. The order denied that defendant's motion pursuant to CPLR 503, 510, and 511 to change the venue of the action from Kings County to Ulster County.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendant Best Trails and Travel Corp. pursuant to CPLR 503, 510, and 511 to change the venue of the action from Kings County to Ulster County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Ulster County, all papers filed in the action and certified copies of all minutes and entries (see CPLR 511[d]).
The plaintiff, a resident of New Jersey, commenced this action in Kings County to recover damages for personal injuries that he allegedly sustained as a passenger in a bus owned and operated by the defendant Best Trails and Travel Corp. (hereinafter the defendant) in an accident in Ulster County. The summons stated that the plaintiff designated Kings County as the venue based upon the defendant's principal place of business. The complaint did not allege the location of the defendant's principal place of business. The defendant moved pursuant to CPLR 503, 510, and 511 to change the venue of the action from Kings County to Ulster County, where the subject accident occurred, arguing that Kings County was not a proper venue because neither party was a resident of Kings County at the time of the commencement of the action. In the order appealed from, dated March 11, 2021, the Supreme Court denied the motion. The defendant appeals.
CPLR 503(a) provides, in pertinent part, that "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; [or] the county in which a substantial part of the events or omissions giving rise to the claim occurred." "The sole residence of a domestic corporation for venue purposes is the county designated in its certificate of incorporation, despite its maintenance of an office or facility in another county" (Green v Duga, 200 AD3d 861, 862; see CPLR 503[c]; Drayer-Arnow v Ambrosio & Co., Inc., 181 AD3d 651, 652; O.K. v Y.M. & Y.W.H.A. of Williamsburg, Inc., 175 AD3d 540; Kidd v 22-11 Realty, LLC, 142 AD3d 488, 489; Matoszko v Kielmanowicz, 136 AD3d 762, 763).
To prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant must show that the plaintiff's choice of venue is improper and that the defendant's choice of venue is [*2]proper (see CPLR 511[b]; Green v Duga, 200 AD3d at 862; Drayer-Arnow v Ambrosio & Co., Inc., 181 AD3d at 652; O.K. v Y.M. & Y.W.H.A. of Williamsburg, Inc., 175 AD3d at 540-541; Kidd v 22-11 Realty, LLC, 142 AD3d at 489; Matoszko v Kielmanowicz, 136 AD3d at 763; Gonzalez v Sun Moon Enters. Corp., 53 AD3d 526, 526). If the defendant meets this burden, the plaintiff is required to establish, in opposition, via documentary evidence, that the venue selected was proper (see Green v Duga, 200 AD3d at 862; Drayer-Arnow v Ambrosio & Co., Inc., 181 AD3d at 652; O.K. v Y.M. & Y.W.H.A. of Williamsburg, Inc., 175 AD3d at 541; Deas v Ahmed, 120 AD3d 750, 751; Chehab v Roitman, 120 AD3d 736, 737).
Here, it is undisputed that the plaintiff is a resident of New Jersey and that the accident occurred in Ulster County. In support of the motion, the defendant submitted its certificate of incorporation, establishing that its principal office was located in Richmond County. Thus, the defendant met its initial burden of demonstrating that the plaintiff's choice of venue in Kings County was improper and that the defendant's choice of venue in Ulster County was proper (see Matoszko v Kielmanowicz, 136 AD3d at 763; Bakht v Southridge Coop. Section 4, Inc., 70 AD3d 988). In opposition, the plaintiff failed to establish that the defendant's certificate of incorporation had been amended to designate a principal office located in Kings County (see Matoszko v Kielmanowicz, 136 AD3d at 763; see also Green v Duga, 200 AD3d at 862; Kidd v 22-11 Realty, LLC, 142 AD3d at 489), or that the venue selected was otherwise proper. Contrary to the Supreme Court's conclusion, a computer printout from the website of the New York State Department of State, Division of Corporations, submitted by the plaintiff, did not conclusively establish that Kings County is a proper venue for this action. The printout was not certified or authenticated, and it was not supported by a factual foundation sufficient to demonstrate its admissibility as a business record (see Werner v City of New York, 135 AD3d 740, 741; Dyer v 930 Flushing, LLC, 118 AD3d 742, 742-743).
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 503, 510, and 511 to change the venue of the action from Kings County to Ulster County.
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court