Matter of Howard v Nigro (2022 NY Slip Op 07070)

Matter of Howard v Nigro

2022 NY Slip Op 07070

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-01112
 (Index No. 508849/20)

[*1]In the Matter of Donald Howard, appellant,
v
Daniel A. Nigro, etc., et al., respondents.

Goldberg & McEnaney, LLC, Port Washington, NY (Timothy McEnaney of counsel), for appellant.
Syliva O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Elizabeth I. Freedman of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the New York City Fire Department, Article I-B Pension Fund dated December 20, 2019, which denied the petitioner's application for accidental disability retirement benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated December 16, 2020. The order granted the respondents' motion to change venue of the proceeding from Kings County to New York County.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of the respondent Board of Trustees of the New York City Fire Department, Article I-B Pension Fund denying his application for accidental disability retirement benefits. The respondents moved to change venue of this proceeding from Kings County to New York County. The petitioner opposed the motion. In an order dated December 16, 2020, the Supreme Court granted the motion. The petitioner appeals.
"The court, upon motion, may change the place of trial of an action where: . . . the county designated for that purpose is not a proper county" (id. § 510[1]). "To prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper" (Williams v Staten Is. Univ. Hosp., 179 AD3d 869, 870; see Faulkner v Best Trails & Travel Corp., 203 AD3d 890, 891). "Only if a defendant meets this burden is the plaintiff required to establish, in opposition, that the venue selected was proper" (Harvey v Ogunfowora, 179 AD3d 775, 776; see Faulkner v Best Trails & Travel Corp., 203 AD3d at 891).
Here, the respondents met their initial burden of demonstrating that the petitioner's choice of venue in Kings County was improper and that their choice of venue in New York County [*2]was proper (see Faulkner v Best Trails & Travel Corp., 203 AD3d at 891). In opposition, the petitioner failed to establish that the venue selected was proper (see id.).
Accordingly, the Supreme Court properly granted the respondents' motion to change venue of this proceeding from Kings County to New York County.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court