Peet's Coffee & Tea HoldCo, Inc. v North Am. Elite Ins. Co. (2023 NY Slip Op 03703)

Peet's Coffee & Tea HoldCo, Inc. v North Am. Elite Ins. Co.

2023 NY Slip Op 03703

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-06319
 (Index No. 504770/21)

[*1]Peet's Coffee & Tea HoldCo, Inc., respondent,
v
North American Elite Insurance Company, appellant.

Morgan, Lewis & Bockius, LLP, New York, NY (Sergio Oehninger and Nicholas Schretzman of counsel), for respondent.
DLA Piper, LLP (US), New York, NY (Aidan M. McCormack, Robert C. Santoro, and Steven M. Rosato of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated July 14, 2021. The order denied the defendant's motion to change the venue of the action from Kings County to New York County.
ORDERED that the order is affirmed, with costs.
In February 2021, the plaintiff commenced this action in the Supreme Court, Kings County, seeking, inter alia, to recover damages for breach of an insurance policy issued by the defendant. The plaintiff, a corporation which operates coffee businesses across the country, alleged that the defendant improperly denied the plaintiff's claim for coverage for business losses incurred due to COVID-19 and related government orders. The defendant moved to change the venue of the action from Kings County to New York County. In an order dated July 14, 2021, the Supreme Court denied the motion. The defendant appeals.
CPLR 503(a) provides, in pertinent part, that "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; [or] the county in which a substantial part of the events or omissions giving rise to the claim occurred." "To prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant must show that the plaintiff's choice of venue is improper and that the defendant's choice of venue is proper" (Faulkner v Best Trails & Travel Corp., 203 AD3d 890, 891; see CPLR 511[b]). "'Only if a defendant meets this burden is the plaintiff required to establish, in opposition, that the venue selected was proper'" (Marrero v Mamkin, 170 AD3d 1159, 1160, quoting Young Sun Chung v Kwah, 122 AD3d 729, 730).
Here, although venue would be proper in New York County based upon the defendant's residence in that county (see CPLR 503[c]), the defendant failed to meet its burden of establishing that the plaintiff's choice of venue in Kings County was improper (see Marrero v Mamkin, 170 AD3d at 1160). In the complaint, the plaintiff alleged, inter alia, that the plaintiff operated insured locations in Kings County for which coverage was sought for business losses. In [*2]support of the motion to change venue the defendant submitted, among other things, an affidavit from one of its own employees which substantiated the plaintiff's claim that it operated insured locations in Kings County. Thus, the record reflects that "a substantial part of the events or omissions giving rise to the claim" occurred in Kings County (CPLR 503[a]; see Aldridge v Governing Body of Jehovah's Witnesses, 204 AD3d 1469, 1470). Since the defendant failed to meet its initial burden of demonstrating that Kings County was an improper venue, the Supreme Court properly denied the defendant's motion to change venue (see Green v Duga, 200 AD3d 861, 862).
The defendant's remaining contentions are either not properly before this Court or without merit.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court