## Shmakalova v 306 W. 48th Manhattan LP

2025 NY Slip Op 32274(U)

June 25, 2025

Supreme Court, Kings County

Docket Number: Index No. 505354/2023

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part 83 of the Supreme Court of the State of New York held in and for the County of Kings at 360 Adams Street, Brooklyn, New York, on the 25th day of June 2025.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

LIONELLA SHMAKALOVA,

                                                    Plaintiff,

          -against-

306 WEST 48TH MANHATTAN LP, KALED MANAGEMENT
CORP, PS MARCATO ELEVATOR CO., INC., AND PS
MARCATO ELEVATOR CORP.,

                                  Defendants.

-------------------------------------------------------------------X

**Index No**: 505354/2023

**DECISION & ORDER**

Mot. Seq. No. 2

The following e-filed papers read herein:

| | NYSCEF Doc. Nos.: |
|---|---|
| Notice of Motion/Affirmation in Support/Exhibits Annexed................. | 46 – 51 |
| Affirmation in Opposition....................................................... | 56 |
| Reply Affirmation................................................................ | 59 |
| Supplemental Affirmation in Opposition/Exhibits Annexed................. | 72 – 76 |
| Responsive Papers/Exhibits Annexed......................................... | 78 – 80 |

On February 17, 2023, Plaintiff Lionella Shmakalova ("Plaintiff") began an action against 306 West 48th Manhattan LP ("306 West 48th") and Kaled Management Corp. ("Kaled") filed for injuries suffered in an elevator accident in a building located at 306 West 48th Street in New York County. On October 7, 2024, the Plaintiff filed an amended complaint, adding Defendant P.S. Marcato Elevator Co., Inc. ("Defendant") as a defendant in the action. In her complaint, Plaintiff listed a Kings County address as her place of residence. Defendant answered the complaint on November 26, 2024, and simultaneously served a demand to change venue. Plaintiff did not respond.

Defendant now moves (Mot. Seq. No. 2) to change venue and place of trial from Kings County to Queens County pursuant to CPLR §§ 503 (a), 510 (1), and 511 (c).[1] Additionally, Defendant moves

---

[1]CPLR 503 (a) states "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions

1

[* 1]

for an order to stay the proceedings herein until venue has been changed, pursuant to CPLR 511(c). Plaintiff has opposed the motion.

In its motion, Defendant first claims that it has properly filed the instant motion pursuant to CPLR 511(a),[2] yet Plaintiff did not respond within the allotted time. Moreover, Defendant claims that the current venue is improper, alleging that Plaintiff and defendants 306 West 48th, Kaled, and PS Marcato Elevator Corp. have no residence in Kings County. Defendant claims that Plaintiff's choice of Kings County is an improper venue based on the listed address in Plaintiff's Verified Bill of Particulars which was for a residence in Queens County.

Plaintiff opposes the motion on the grounds that it is based solely on an address provided in the Verified Bill of Particulars, which is dated September 17, 2024, over a year after the action was commenced. Furthermore, Plaintiff submitted an affidavit in which she states that she resided in Brooklyn at the time the action was commenced and did not move to Queens until two years after the action had already started. Accordingly, Plaintiff argues that the motion should be denied since venue is proper.

In its reply, Defendant argues that the only evidence the Plaintiff has provided to establish her residence at the time the action was commenced was her own affidavit claiming she resided in Kings County. Furthermore, Defendant claims the affidavit fails to assert the date Plaintiff moved to the address in Queens County, simply saying it was approximately two years after the instant action and that she did not hold residence there in 2022, a fact the Defendant claims to be irrelevant. Defendant then points out Plaintiff's failure to explain the inconsistency in her Bill of Particulars alleging she resided in Queens County in September 2024, despite saying she moved there around February 2025 in her affidavit.[3] Therefore, Defendant argues the affidavit should be disregarded as inconsistent and insufficient to establish her residence as of February 17, 2023, the date of Plaintiff's original complaint. Since Plaintiff failed to provide evidence establishing venue to be proper, Defendant contends that its motion should be granted.

---

giving rise to the claim occurred; or, if none of the parties then resided in the state, in any county designated by the plaintiff. A party resident in more than one county shall be deemed a resident of each such county" (CPLR 503 [a]). CPLR 510 (1) provides as follows: "[t]he court, upon motion, may change the place of trial of an action where: 1. the county designated for that purpose is not a proper county" (CPLR 510 [1]). Pursuant to CPLR 511 (c), "[n]o order to stay proceedings for the purpose of changing the place of trial shall be granted unless it appears from the papers that the change is sought with due diligence" (CPLR 511 [c]).

[2] CPLR 511 (a) states "[a] demand under subdivision (b) for change of place of trial on the ground that the county designated for that purpose is not a proper county shall be served with the answer or before the answer is served. A motion for change of place of trial on any other ground shall be made within a reasonable time after commencement of the action" (CPLR 511 [a]).

[3] The Court notes that Plaintiff claims to have not moved to Queens County until around 2025 yet was somehow able to provide her Queens County address a year before claiming to move.

[* 2]

After oral argument on April 16, 2025, the Court advised Plaintiff's counsel to submit additional documentation evidencing Plaintiff's residence at the time the action was commenced. Thereafter, Plaintiff filed affidavits of her sister and boyfriend claiming that Plaintiff resided in Kings County at the time the action commenced. Additionally, Plaintiff submitted an Amazon receipt, dated August 3, 2024, almost six months after the commencement of this action, with the Kings County address where Plaintiff claimed to reside.[4]

In its responsive papers, Defendant asserted that the affidavits of Plaintiff's sister and boyfriend are self-serving, and the Amazon receipt submitted does not identify the Plaintiff in any way. In addition, Defendant provided documents purported to be print-outs of driver's license and voter registration documents showing Plaintiff's residence to have been Queens County as early as three years prior to the commencement of this action. Based on these documents, Defendant requests that the motion to change venue be granted.

To succeed on a motion to change venue pursuant to CPLR 510 (1), the burden is on the Defendant to establish that (1) the Plaintiff's choice of venue is improper and (2) the Defendant's choice of venue *is* proper (*see* CPLR 511[b]; *Gonzalez v. Sun Moon Enters. Corp.*, 53 AD3d 526 [2d Dept 2008]; *Williams v. Staten Island University Hospital*, 179 A.D.3d 869, 870 [2d Dept 2020]). It is only if the Defendant is able to establish *both* aforementioned elements that the burden then shifts to the Plaintiff to show that the venue they selected was, in fact, proper (*see Young Sun Chung v Kwah*, 122 AD3d 729, 730 [2d Dept 2014]; *Chehab v. Roitman*, 120 AD3d 736, 737 [2d Dept 2014]).

Here, the second element is not contested. Defendant, located at 4411 11th Street, Long Island City, resides within Queens County. Therefore, pursuant to CPLR 503 (a), Queens County is a proper venue. Accordingly, the only question before the Court is whether Defendant has sufficiently and properly established that Kings County is not a proper venue.

In this case, Defendant is claiming that Plaintiff's address, located in Queens County, noted in the Verified Bill of Particulars is conclusive evidence that Plaintiff's choice to commence the current action in Kings County is improper. This, however, is incorrect. Pursuant to CPLR 503 (a), an action can be brought anywhere you reside (*see* CPLR 503 [a]). Furthermore, it is possible for individuals to have multiple residences, all of which provide proper venue where they are located (*id*). While the inconsistency of an address on a Verified Bill of Particulars may raise suspicion about whether venue is proper, it is not definitive proof that venue is improper. Here, while the Plaintiff's address on the

---

[4] This receipt was addressed to Kamilla Shmakalova, Plaintiff's sister, and had no mention or reference to Plaintiff (*see* NYSCEF Doc No. 76).

[* 3]

Verified Bill of Particulars is inconsistent with the address she claimed to have resided at when the action commenced, the Defendant must present more supporting evidence to establish that the Kings County address was not also her residence at the time the action was commenced, and therefore that venue is improper. Plaintiff's Queens County address, recorded on the Verified Bill of Particulars, is, by itself, insufficient to meet the Defendant's burden required to establish the first element needed to succeed on a motion to change venue.

The next question before the Court is whether Defendant's motion may still be granted due to supporting evidence introduced only in Defendant's responsive papers. The answer to that question is no. First, this evidence was improperly submitted since it was introduced for the first time in Defendants responsive papers (*see Ramos v Cooper Tire & Rubber Co.*, 51 AD3d 896, 897 [2d Dept 2008]). Second, both the driver's license and voter registration documents provided "[were] not certified or authenticated, and it was not supported by factual foundation sufficient to demonstrate its admissibility" (*see Faulkner v Best Trails & Travel Corp.*, 203 AD3d 890, 892 [2d Dept 2022]; *see* CPLR 4540[a], [b]). Therefore, the documents cannot be considered as they were neither filed correctly nor certified.

Accordingly, it is hereby,

ORDERED, that Defendant's motion (Mot. Seq. No. 2) is denied in its entirety.

All other issues not addressed herein are either without merit or moot.

This constitutes the decision and order of the Court.

_____
Hon. Ingrid Joseph, J.S.C.

Hon. Ingrid Joseph
Supreme Court Justice

4

[* 4]