Lubitz v Chandy (2025 NY Slip Op 25077)

[*1]

Lubitz v Chandy

2025 NY Slip Op 25077

Decided on March 27, 2025

Supreme Court, Queens County

Catapano-Fox, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 27, 2025
Supreme Court, Queens County

Bryan Lubitz and CHAUNTELLE LUBITZ, Plaintiffs,

against
Joel Myladoor Chandy and BROOKHAVEN GASTROENTEROLOGY ASSOCIATES, P.C., Defendants.

Index No. 722370/2024

John P. Gianfortune, Esq. of Gianfortune & Mionis, P.C. for plaintiff
Joseph N. Tricarico of Shaub, Ahmuty, Citrin & Spratt, LLP for defendants

Tracy Catapano-Fox, J.

The following papers numbered EF-26 through EF-50 read on this motion by defendants to change venue pursuant to CPLR §503, §510 and §511.
Papers Numbered
Notice of Motion, Affirmation, Exhibits EF26-EF40
Affirmation in Opposition, Exhibits EF46-EF47
Reply Affirmation EF48
Sur-Reply Affirmation EF50
Upon the foregoing papers, and after oral argument, it is ordered that this motion is determined as follows:
Defendants' motion to change venue pursuant to CPLR §503, §510 and §511 is granted. (See Bakht v. Southridge Coop. Section 4, Inc., 70 AD3d 988 [2d Dept. 2010].) Plaintiffs commenced this action for medical malpractice involving a colonoscopy performed by defendant Dr. Joel Myladoor Chandy on August 20, 2024. Plaintiffs filed the Summons and Complaint on October 22, 2024 and issue was joined on December 11, 2024, along with a Demand to Change Venue.
Defendants argue venue should be changed pursuant to CPLR §503(a), as plaintiffs improperly chose Queens County as the venue based upon a mistaken belief that Dr. Chandy resided there at the time of commencement. They argue Suffolk County is the proper venue, as plaintiffs reside in Suffolk County and plaintiff received treatment at defendant Brookhaven [*2]Gastroenterology's office located in Suffolk County. Defendants submit an affidavit of merit from Dr. Chandy, who attested to residing at 8 Harton Court, East Northport, NY since May 28, 2023, and attached his 2023 income tax return, mortgage statement, water bill and 2025 property tax statement in support of his residency. Dr. Chandy further attested that while he had resided at 83-26 264th Street, Queens, New York, he had not updated his DMV record or voter registry prior to commencement and resides in Suffolk County. Defendants further argue they timely served a Demand to Change Venue pursuant to CPLR §510(1) and §511(a), the majority of material witnesses reside and or work in Suffolk County, and plaintiff's relevant medical and hospital records are in Suffolk County, so the ends of justice are promoted by a change of venue to Suffolk County. 
Plaintiffs oppose defendants' motion, arguing Queens County is the proper venue for litigation. They argue Dr. Chandy's voter registration and Department of Motor Vehicle records indicate he resides in Queens County, and no accessible public records show he resided anywhere but Queens County. Plaintiffs further argue Dr. Chandy has not changed his public records and therefore should be estopped from arguing venue is not proper. They argue by failing to change his address in public records, Dr. Chandy has violated Vehicle and Traffic Law §505(5) and is acting with unclean hands in seeking to change venue. Plaintiffs further argue if the Court were to accept defendants' arguments, it would put an impossible burden upon plaintiffs by creating a rule whereby plaintiffs cannot rely upon defendant's public representations of residence when choosing venue in litigation.
Pursuant to CPLR §503(a), the place of trial "shall be in the county in which one of the parties resided when it was commenced." To prevail on a motion to change venue, a defendant must show that a plaintiff's choice of venue is improper, and defendant's choice of venue is proper. (See Deas v. Ahmed, 120 AD3d 750, 750 [2d Dept. 2014]; see also CPLR §510[1]; see also CPLR §511[b].) A demand to change venue based on the designation of an improper county pursuant to CPLR §510(1) "shall be served with the answer or before the answer is served." (Reardon v. Macy's, Inc., 170 AD3d 1060, 1061 [2d Dept. 2019].) Pursuant to CPLR §511(b), when a defendant serves the written demand to change venue, the defendant shall move to change the place of trial within fifteen days after service of the demand. 
In order to prevail on a motion to change venue pursuant to CPLR §510(3), the moving party must demonstrate that the convenience of material witnesses and the ends of justice will be promoted by the change and must provide information about the prospective witnesses. (Id. at 751.) In doing so, the party must set forth "(1) the names, addresses, and occupations of the prospective witnesses; (2) the facts to which the witnesses will testify at trial, so that the court may judge whether the proposed evidence is necessary and material; (3) a statement that the witnesses are willing to testify; and (4) a statement that the witnesses would be greatly inconvenienced if the venue of the action was not changed." (Saint-Louis v. Esposito, 171 AD3d 824, 825 [2d Dept. 2019].)
Defendants demonstrated entitlement to a change of venue pursuant to CPLR §503(a), as they demonstrated Suffolk County is the proper venue rather than Queens County. They demonstrated compliance with CPLR §510(1) by serving a Demand to Change Venue with the [*3]Answer, and compliance with CPLR §511(b) by moving to change venue on December 24, 2024, thirteen days after filing the Answer. Defendants also demonstrated plaintiffs live in Suffolk County and the medical care occurred at defendants' business in Suffolk County, and the sole connection to Queens County is Dr. Chandy's alleged residence. Defendants also presented Dr. Chandy's affidavit of merit, supported by competent documentary evidence, that demonstrates Dr. Chandy resided in Suffolk County at the time of commencement, despite failing to change his public information from the Queens County address. 
Plaintiffs failed to present competent, admissible evidence to warrant denial of defendants' motion. It is undisputed plaintiffs' filing of this action in Queens County was done in good faith based upon Dr. Chandy's DMV and voter registration listing his residence in Queens County. While plaintiffs demonstrated Dr. Chandy failed to timely change his public information to reflect his Suffolk County address, they failed to demonstrate this failure was a wilful misrepresentation of his residence rather than an oversight. (Compare Algarin v. Sackin, 173 AD3d 465 [1st Dept. 2019][Court properly granted defendants' motion to change venue where the record demonstrated plaintiff repeatedly made misrepresentations about her residence].)
Plaintiffs' argument that Dr. Chandy may have more than one residence is speculative and insufficient to defeat Dr. Chandy's sworn affidavit. (See Lividini v. Goldstein, 37 NY3d 1047 [2021].) Plaintiffs' argument that Dr. Chandy's violation of VTL §505(5) warrants denial of the motion is without merit, as there is no caselaw that supports this argument. Further, the caselaw relied upon by plaintiff is inapplicable, as the appellate courts have held that "failure to update his or her address with the DMV, by itself, is insufficient to warrant application of the estoppel doctrine." (Castillo-Florez v. Charlecius, 220 AD3d 1, 6-7 [2d Dept. 2023].) Plaintiffs' contention that granting defendants' motion would put an impossible burden by creating a rule whereby plaintiffs cannot rely upon defendant's public representations of residence when choosing venue in litigation is also without merit. Rather, this holding merely reiterates the current state of law, in that plaintiffs have a burden to ascertain proper venue when commencing an action, which a defendant may rebut with sufficient evidence, as occurred here.
Accordingly, defendants' motion to change venue is granted. The Clerk of Queens County is directed to transfer this action to the Clerk of Suffolk County.
This constitutes the decision and Order of the Court.
Dated: March 27, 2025
Hon. Tracy Catapano-Fox, J.S.C.